IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00213-MR

| | |
|---|---|
| KATHERINE DROLETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ANTHONY BRIAN ROBINSON and ) | |
| ONESPAWORLD RESORT SPAS ) | |
| (NORTH CAROLINA), INC., d/b/a ) | |
| MANDARA SPA ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Motions to Strike filed by Defendants OneSpaWorld and Brian Robinson. [Doc. 12; Doc. 15].

**I.   BACKGROUND**

On August 5, 2020, Katherine Drollett (the "Plaintiff") filed a Complaint against Anthony Brian Robinson ("Robinson") and OneSpaWorld Resort Spas (North Carolina), Inc., d/b/a Mandara Spa ("OneSpaWorld" and collectively, the Defendants"). [Doc. 1]. The Plaintiff's Complaint asserted claims against Defendant Robinson for battery, assault, intentional infliction of emotional distress, negligence, and punitive damages. [Id. at ¶¶ 78-105]. The Plaintiff's Complaint also asserted claims against Defendant

OneSpaWorld for respondeat superior, negligent supervision, negligent retention, and punitive damages. [Id. at ¶¶ 106-47]. The Plaintiff's allegations stem from an alleged sexual assault that occurred when Defendant Robinson gave her a massage on August 31, 2018 at the Mandara Spa that Defendant OneSpaWorld operates in Cherokee, North Carolina. [Id. at ¶¶ 52-77]. The Plaintiff alleges that Defendant OneSpaWorld was aware that Defendant Robinson had previously been accused of sexually assaulting a client during a massage at Mandara Spa. [Doc. 1 at ¶¶ 7-38].

On September 29, 2020, Defendant Robinson filed an Answer to the Complaint, which contained a motion to strike the allegations in the Complaint regarding the prior sexual assault at Mandara Spa "on the basis that [those allegations] are irrelevant and inflammatory[.]" [Doc. 10 at 14]. On October 14, 2020, Defendant Robinson filed a separate Motion to Strike asking the Court to strike the same allegations for the same reasons. [Doc. 15]. On October 26, 2020, the Plaintiff responded to Defendant Robinson's Motion to Strike. [Doc. 20]. On October 30, 2020, Defendant Robinson replied. [Doc. 21].

On October 1, 2020, Defendant OneSpaWorld filed a Motion to Strike, asking the Court to strike the allegations in the Complaint regarding the

alleged prior sexual assault at Mandara Spa on the basis that those allegations are highly prejudicial and immaterial to the Plaintiff's cause of action in this case. [Doc. 12]. On October 15, 2020, the Plaintiff responded to Defendant OneSpaWorld's Motion to Strike. [Doc. 17]. On October 21, 2020, Defendant OneSpaWorld replied. [Doc. 19].

## II.  STANDARD OF REVIEW

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citation and quotation marks omitted). "A motion to strike places a 'sizable burden on the movant,' and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford County, No. 1:08-cv-441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (citations omitted). Such motion will be denied unless the "challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more

3

of the parties." Scherer v. Steel Creek Prop. Owner Ass'n, No. 1:13-cv-121, 2014 WL 813824, at *1 (W.D.N.C. Mar. 3, 2014) (citation omitted).

## III. DISCUSSION

The Plaintiff brings claims for negligent retention, negligent supervision, respondeat superior, and punitive damages. [Doc. 1. at ¶¶ 98-100, 106-47]. The allegations regarding Defendant Robinson committing another prior sexual assault at Mandara Spa and Defendant OneWorldSpa's reaction to that alleged prior assault are relevant to those claims. See Hogan v. Forsyth Country Club Co., 79 N.C. App. 483, 498, 340 S.E.2d 116, 124 (1986) (stating that a plaintiff can establish a claim for negligent supervision and retention by showing that "an incompetent employee committed a tortious act resulting in injury to plaintiff and that prior to the act, the employer knew or had reason to know of the employee's incompetency."). As such, those allegations present a logical connection to the subject matter of this controversy. See Scherer, 2014 WL 813824, at *1.

The Defendants contend, however, that the cumulative allegations regarding the assault are excessive because they are "overly comprehensive." [Doc. 13 at 4]. While the Plaintiff's allegations are extensive, they are germane to this case because the particulars of the alleged prior assault and Defendant OneSpaWorld's reaction may ultimately

be relevant to some of the Plaintiff's claims. Accordingly, the Defendants' have not met their "sizable burden" to show that the Plaintiffs' allegations are irrelevant to this case. Miller, 2008 WL 5392057, at *4; Scherer, 2014 WL 813824, at *1.

Finally, the Defendants argue that the inclusion of allegations regarding alleged criminal conduct previously committed by Defendant Robinson "is a transparent attempt to backdoor unproven *and* contested character evidence suggesting that because Mr. Robinson has a 'history' of sexual misconduct, Plaintiff's allegations must be true." [Doc. 31 at 2]. To the extent that the Defendants suggest that the Plaintiff is attempting to submit improper character evidence under Federal Rule of Evidence 404, that question is not properly before the Court on a motion to strike. See Lane v. Endurance Am. Specialty Ins. Co., No. 3:10-CV-401-MOC-DCK, 2011 WL 1343201, at *3 (W.D.N.C. Apr. 8, 2011) ("The issue before the Court on a Rule 12(f) motion is not whether evidence is admissible, but whether it is immaterial, impertinent, and scandalous."). Moreover, the Plaintiff's Complaint merely presents allegations and has no effect on whether those allegations are true. The veracity of those allegations will be determined by the evidence presented in this case, not their inclusion in the Plaintiff's Complaint.

For these reasons, the Defendants' Motions to Strike the allegations related to the alleged prior sexual assault will be denied. See Nixon v. Majors, No. 3:07-cv-00413-R, 2007 WL 4592277, at *3 (W.D.N.C. Dec. 28, 2007) (stating that "a motion to strike on the basis of irrelevancy should only be granted when it is clear that the material in question can have no possible bearing upon the subject matter of the litigation and the material may prejudice the other party.") (citation omitted).

## O R D E R

**IT IS, THEREFORE, ORDERED** that Defendant OneSpaWorld and Defendant Robinson's Motions to Strike [Doc. 12; Doc. 15] are **DENIED**.

**IT IS SO ORDERED**.

Signed: November 10, 2020

Martin Reidinger
Chief United States District Judge