IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 213 MR WCM

| | |
|---|---|
| KATHERINE DROLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| ANTHONY BRIAN ROBINSON, | ) |
| ONESPA WORLD RESORT SPAS (NORTH | ) |
| CAROLINA), INC. *doing business as* | ) |
| Mandara Spa | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the undersigned on the following motions:

1. Motion to Stay Proceedings (the "Motion to Stay," Doc. 25) filed by Defendant Anthony Brian Robinson ("Robinson");

2. Motion for Enlargement of Time for Rule 26 Disclosures (the "Motion to Extend," Doc. 27) filed by Robinson;

3. Motion to Join the Motion to Stay (the "Motion to Join," Doc. 30) filed by Defendant OneSpaWorld Resort Spas (North Carolina), Inc., *doing business as* Mandara Spa ("OneSpaWorld"); and

4. Joint Motion to Extend Period for Discovery and Amend the Pretrial Order and Case Management Plan (the "Motion to Amend PTO," Doc. 35).

1

The Motions have been fully briefed and are ripe for ruling. A hearing on all four Motions was conducted by video teleconference on February 22, 2021.

I. Background

On August 5, 2020, Katherine Drolett ("Plaintiff") filed her Complaint against Robinson and OneSpaWorld. Plaintiff's claims stem from an alleged sexual assault that occurred when Robinson gave her a massage on August 31, 2018 at a spa that OneSpaWorld operates in Cherokee, North Carolina. Id. at ¶¶ 52-77. Plaintiff alleges that at the time of the sexual assault, OneSpaWorld was aware that Robinson had previously been accused of sexually assaulting a different client, Meredith Carr ("Carr"), during a massage that occurred at the spa on April 21, 2018. Id. at ¶¶ 7-38.

The Complaint asserts claims against Robinson for battery, assault, intentional infliction of emotional distress, negligence, and punitive damages. Doc. 1 at ¶¶ 78-105. Plaintiff also asserts claims against OneSpaWorld for respondeat superior, negligent supervision, negligent retention, and punitive damages. Id. at ¶¶ 106-147.

Both defendants have answered, Docs. 10 & 23, and on October 9, 2020, an initial pretrial conference was held by telephone. On November 24, 2020, a Pretrial Order and Case Management Plan (the "PTO") was entered. Doc. 24.[1]

On December 3, 2020, Robinson filed the Motion to Stay and Motion to Extend. Docs. 25, 27. Thereafter, OneSpaWorld filed the Motion to Join. Doc. 30. Plaintiff opposes all three Motions. Docs. 29, 32, 33.

On February 12, 2021, the parties filed the Motion to Amend PTO, by which they request that the remaining pretrial deadlines be extended by two months. Doc. 35.

## II. Analysis

### A. Requests to Stay

The parties have advised that two (2) additional cases involving Robinson are currently pending.

First, Carr filed a separate civil action in state court in Wake County, North Carolina (19 CVS 6035) related to Robinson's alleged assault of her. Doc. 26 at 2. Given the file number, the Carr civil case was presumably filed in 2019.

---

[1] OneSpaWorld filed a Motion to Strike on October 1, 2020, and following a ruling on that Motion, answered the Complaint on November 20, 2020. Docs. 12, 22, & 23. The PTO was entered four days after OneSpaWorld filed its answer.

3

Second, on July 23, 2020, a grand jury empaneled in Jackson County, North Carolina returned a Bill of Indictment (20 CRS 288) against Robinson for the alleged sexual battery of Plaintiff and Carr (the "Criminal Matter"). Doc. 26 at 2-3.

As of the day of the hearing on the instant Motions, the parties advised that discovery has been taken in the Carr civil action, including Robinson's deposition. From the information provided, it appears that trial is scheduled for May 10, 2021 (Doc. 32 at 3), though counsel advised that Robinson has filed a similar motion to stay that case, which motion is set for hearing on March 2, 2021.

With respect to the Criminal Matter, though the Bill of Indictment was filed in July 2020, the parties advise that Robinson was not arrested by law enforcement until recently. In particular, Robinson has submitted an affidavit by Chet Palumbo, Robinson's court appointed attorney in the Criminal Matter, which states that Robinson voluntarily surrendered on February 8, 2021 and is being held in custody pending a motion to modify his bond, for which a date has not yet been set. Doc. 37 at 1. Mr. Palumbo also states that a status conference in the Criminal Matter is scheduled for April 14, 2021 and that Robinson will remain in custody until that time and likely thereafter until trial. Id. at 2.

By the Motion to Stay and the Motion to Join, Defendants ask that this action be stayed pending resolution of the Criminal Matter.

### 1. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); see also United States v. Ga. Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977).

The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." Landis, 299 U.S. at 255; see also Clinton v. Jones, 520 U.S. 681, 708, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("The proponent of a stay bears the burden of establishing its need"); Suntrust Mortgage, Inc. v. Busby, Nos. 2:09cv3, 2:09cv4, 2:09cv5, 2:09cv6, 2:09cv7, 2:09cv8, 2:09cv9, 2:09cv10, 2:09cv11, 2:09cv12, 2:09cv13, 2:09cv14, 2:09cv15, 2009 WL 4801347 (W.D.N.C. Dec. 7, 2009) (denying stay pending resolution of a possible ongoing criminal investigation based on "balancing test" which requires "clear and convincing circumstances be shown in support of the stay that outweigh potential harm to the non-moving party") (citing Williford v. Armstrong World Industries, Inc., 715 F.2d 124, 127 (4th Cir. 1983)).

"Because of the frequency with which civil and regulatory laws overlap with criminal laws, American jurisprudence contemplates the possibility of simultaneous or virtually simultaneous parallel proceedings and the Constitution does not mandate the stay of civil proceedings in the face of criminal proceedings." Ashworth v. Albers Med., Inc., 229 F.R.D. 527, 530 (S.D.W.Va. 2005); see also Keating v. OTS, 45 F.3d 322, 324 (9th Cir. 1995) ("[t]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings."); Ellis v. Kirkman, No. 9:19-cv-2163-RMG-MGB, 2020 WL 6587062, at * 2 (D.S.C. Oct 16, 2020) (same).

"Thus, 'a stay of civil proceedings may only be appropriate when the pending civil and criminal proceedings involve substantially similar issues.'" Ellis, 2020 WL 6587062, at * 2 (quoting Reeves v. Town of Cottageville, No. 2:12-CV-02765-DCN, 2013 WL 1566635, at *2 (D.S.C. Apr. 12, 2013) (citing Ashworth, 229 F.R.D. at 531)).

Where there is overlap between criminal and civil actions, courts consider numerous factors including the prejudice to the movant if the stay is not granted, the burden on the non-movant if the stay is allowed, and the interests of third parties and the court. See Michelin Retirement Plan v. Dilworth Paxson, LLP, No. 6:16-3604, 2017 WL 2531845, at * 4 (D.S.C. June 12, 2017) ("In considering whether to grant a motion to stay, the court should consider: (1) the interests of judicial economy; (2) hardship and equity to the

moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.") (internal quotations omitted); Suntrust Mortgage, 2009 WL 4801347, at * 6 ("Additional considerations have been interests of persons not party to the civil litigation, the public interest, the danger of discovery abuse, bad faith, the status of the criminal proceedings, etc.").

Here, as the Criminal Matter and the instant action overlap, the undersigned has considered the factors weighing for and against a stay of this action. See Ellis, 2020 WL 6587062, at * 2 (finding that the criminal and civil proceedings "involve identical issues" and "clearly overlap" such that "a stay may be appropriate" and proceeding to consider prejudice to the parties, convenience to the court, and interests of third parties).

### 2. The Parties' Arguments

Robinson argues that a stay of this case is justified because he has been indicted in the Criminal Matter and therefore his Fifth Amendment privilege against self-incrimination is "under real and present duress." Doc. 26 at 6. During the February 22, 2021 hearing, Robinson additionally argued that requiring his attorneys even to participate in discovery in this case would give prosecutors in the Criminal Matter an unfair advantage; as Robinson's counsel conduct discovery, information that comes to light which is helpful to Robinson, or adverse to Plaintiff, would be discoverable by prosecutors in the Criminal Matter who could prepare in advance to mitigate the effect of that information.

7

Additionally, Robinson argues that a stay of this matter will not burden Plaintiff because Robinson's "right to a speedy trial" will ensure that any stay is not overly long, that a stay "would actually reduce duplicative judicial effort and time spent on discovery" because the discovery conducted in the Criminal Matter will be useful in this case, and that his indictment indicates that the public's interest lies primarily in resolving the Criminal Matter. Doc. 26 at 7-8.[2]

OneSpaWorld contends that if the Court stays the proceedings as to Robinson, it should also stay this matter as to OneSpaWorld because Robinson's "limited participation" in this action would prejudice OneSpaWorld "as many of its defenses mirror and even rely upon Mr. Robinson's assertion of the same defenses." Doc. 30 at 2.

In response, Plaintiff argues that a stay would be significantly prejudicial to her because "[t]he longer this action is delayed, the higher risk that important documents will be misplaced or destroyed" and the greater likelihood that OneSpaWorld employees with relevant information will be unavailable. Doc. 32 at 7-8. Although Plaintiff recognizes that discovery has

---

[2] In the Motion to Extend, Robinson states that he seeks an extension of the December 8, 2020 deadline to provide his Rule 26 disclosure "until five days after the court rules on the Motion to Stay." Doc. 28 at 1. During the February 22, 2021 hearing, however, Robinson indicated that he seeks a blanket stay of all proceedings, including the deadline for him to provide Rule 26 disclosures.

taken place in Carr's civil action, she points out that she is not a plaintiff in that proceeding and argues that she is entitled to conduct discovery independent of that case to support her claims. Doc. 32 at 8. Additionally, Plaintiff asserts that Robinson's risk of self-incrimination is "minimized" because Robinson has previously testified in Carr's civil action regarding the allegations involving Plaintiff here, see Doc. 32 at 10-11; Doc. 32-1 (portions of Robinson's deposition testimony denying allegations made by Plaintiff),[3] and that any burden on Robinson if this matter moves forward is outweighed by prejudice to her.

### 3. Discussion

"Federal courts have held that a stay is most appropriate in situations where a party is under indictment for a serious offense." See Avanlonbay v. San Jose Water Conservation Corp., Civil Action No. 07-306, 2007 WL 2481291, at * 3 (E.D. Va. Aug. 27, 2007) (citing SEC v. Dresser Indus. Inc., 628 F.2d 1368, 1376 (C.A.D.C.1980); Trustees of the Plumbers v. Transworld Mechanical, 886 F.Supp. 1134, 1139 (S.D.N.Y.1995) ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may

---

[3] The undersigned makes no determination as to whether Robinson's deposition testimony in the Carr action may constitute a waiver of his Fifth Amendment privilege.

make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations")); Michelin Retirement Plan v. Dilworth Paxson, LLP, No. 6:16-3604, 2017 WL 2531845, at * 5 (D.S.C. June 12, 2017); Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 97 (2d Cir. 2012).

Additionally, although the Fifth Amendment privilege against compulsory self-incrimination "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory…," Kastigar v. United States, 406 U.S. 441, 444, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972), invocation of that privilege in a civil matter is not without possible consequence, as "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them...." Gilbert v. United States, 203 F.3d 820, 820 n.2 (4th Cir. 2000) (citing Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)); cf. Louis Vuitton, 676 F.3d at 98 ("But if civil defendants do not elect to assert their Fifth Amendment privilege, and instead fully cooperate with discovery, their 'testimony ... in their defense in the civil action is likely to constitute admissions of criminal conduct in their criminal prosecution.'") (quoting SEC v. Boock, No. 09 Civ. 8261(DLC), 2010 WL 2398918, at *2 (S.D.N.Y. June 15, 2010)).

"Despite these factors, such '[a] stay of [a] civil case' to permit conclusion of a related criminal prosecution has been characterized as 'an extraordinary remedy.'" Louis Vuitton, 676 F.3d at 98 (quoting Trustees of the Plumbers, 886 F.Supp. at 1139). Further, the Constitution does not require such a stay, and "[t]he existence of a civil defendant's "Fifth Amendment right arising out of a related criminal proceeding thus does not strip the court in the civil action of its broad discretion to manage its docket." Louis Vuitton, 676 F.3d at 98-99.

Here, Robinson's interest in the invocation of his Fifth Amendment rights is squarely implicated. He has been indicted and, although it is not clear why Robinson was not arrested promptly following his indictment, the information provided indicates that Robinson is now in custody. However, while the Criminal Matter is now underway, a date when the case will be tried or otherwise concluded is unknown.

Plaintiff has significant interests in seeing this matter proceed. Delay may increase the risk that memories will fade, and relevant evidence will be lost. See Avanlonbay, 2007 WL 2481291, at * 2 ("Plaintiff will be prejudiced by the undeterminable time length of any criminal prosecution because this makes it more likely that: (1) documents will be misplaced, (2) memories will fade and (3) Defendants will have fewer monetary resources available for Plaintiff to collect on any financial judgment."); Clinton v. Jones, 520 U.S. 681, 707-708, 117 S.Ct. 1636, 1651, 137 L.Ed.2d 945 (1997) ("The complaint was

11

filed within the statutory limitations period—albeit near the end of that period—and delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts, or the possible death of a party"). In addition, Plaintiff, who has made allegations of sexual assault, has a right to have those claims adjudicated without undue delay.

Under these circumstances, the undersigned is not persuaded that a complete stay of this matter—either one of unlimited or limited duration—is warranted. Instead, a targeted, partial stay of discovery, as it relates to information to be provided by Robinson only, can appropriately account for the parties' various interests, as well as the need to allow this matter to progress toward trial.[4] As to OneSpaWorld, while information from Robinson will be relevant to its defenses, Plaintiff has also asserted direct claims against OneSpaWorld, for which discovery should be allowed to proceed.

---

[4] See e.g., Doc. 32 at 12 n. 9 (wherein Plaintiff suggests, if the Court is inclined to grant some form of relief, that "a less drastic measure be used…such as sealing discovery, depositions, imposition of a protective order, or a limited stay in time…."). See Arden Way Assoc. v. Boesky, 660 F.Supp. 1494, 1500 (S.D.N.Y. 1987) (declining to stay civil action and noting "[t]here are adequate and less intrusive means available to accommodate the varied interests in the course of this litigation" and citing cases discussing, *inter alia*, issuance of protective orders and sealing of confidential depositions).

12

Case 1:20-cv-00213-MR-WCM   Document 39   Filed 02/25/21   Page 12 of 15

Specifically, Robinson will not be required to provide Rule 26 initial disclosures, respond to written discovery requests, or testify by deposition for a period of ninety (90) days.[5]  Robinson's attorneys, though, will be allowed to conduct discovery on Robinson's behalf and participate in the discovery efforts of the other parties.  Discovery otherwise may proceed, including discovery with respect to OneSpaWorld and Plaintiff, as well as third parties.

Upon expiration of this period, Robinson may seek an extension of this limited stay of discovery, provided however that any such request must include specific information regarding the status of the Criminal Matter and the Carr action.

### B. Extension of Pretrial Deadlines

The parties jointly request a sixty-day extension of the deadlines for disclosure of expert reports, discovery, mediation, and the filing of dispositive motions.  Doc. 35.

The current and proposed deadlines are:

|  | Current | Proposed |
| --- | --- | --- |
| Plaintiff's Experts | 2/24/2021 | 4/26/2021 |
| Defendants' Experts | 3/24/2021 | 5/24/2021 |
| Discovery: | 7/9/2021 | 9/7/2021 |

---

[5] During the February 22, 2021 hearing, the parties appeared to agree that requiring Robinson to testify in a deposition or provide answers to Interrogatories could implicate his Fifth Amendment rights, though the parties were less certain as to whether requiring Robinson to respond to document requests or produce initial disclosures would create similar concerns. Resolution of these issues is not necessary at this time, given that all discovery from Robinson will be stayed temporarily.

| | | |
|---|---|---|
| Mediation: | 7/23/2021 | 9/21/2021 |
| Motions: | 8/6/2021 | 10/5/2021 |

Considering the disposition of the Motion to Stay, the undersigned will allow the parties a limited extension of the other pretrial deadlines, while retaining the January 10, 2022 trial date.

### III. Conclusion

For the reasons set forth herein, **IT IS HEREBY ORDERED** that:

1. The Motion to Stay Proceedings (Doc. 25) filed by Defendant Anthony Brian Robinson ("Robinson") is **GRANTED IN PART** as follows:

    a. Robinson shall not be required to provide Rule 26 disclosures, respond to written discovery requests, or appear for deposition for a period of ninety (90) days, through and including May 27, 2021;

    b. At the conclusion of this period, this limited stay as to Robinson will dissolve, absent the filing of a motion to extend the stay supported with specific information regarding the status of the Criminal Matter and the Carr action; and

    c. In all other respects, the Motion to Stay is denied.

2. The Motion for Enlargement of Time for Rule 26 Disclosures (Doc. 27) filed by Robinson is **DENIED AS MOOT**, in light of the ruling regarding the Motion to Stay.

3. The Motion to Join the Motion to Stay (Doc. 30) filed by Defendant OneSpaWorld Resort Spas (North Carolina), Inc., *doing business as* Mandara Spa is **DENIED.**

4. The Joint Motion to Extend Period for Discovery and Amend the Pretrial Order and Case Management Plain (Doc. 35) is **GRANTED IN PART** and the following deadlines are **EXTENDED**:

    a. Plaintiff's Expert Disclosures through and including April 26, 2021;

    b. Defendants' Expert Disclosures through and including May 28, 2021;

    c. Discovery through and including August 6, 2021;

    d. Mediation through and including August 20, 2021; and

    e. Motions through and including September 3, 2021.

    f. All other provisions of the Pretrial Order and Case Management Plan (Doc. 24), including the January 10, 2022 trial date, remain in effect.

Signed: February 25, 2021

_____
W. Carleton Metcalf
United States Magistrate Judge