IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 213 MR WCM

KATHERINE DROLETT, )
 )
           Plaintiff, )
 ) ORDER
v. )
 )
ANTHONY BRIAN ROBINSON, )
ONESPA WORLD RESORT SPAS (NORTH )
CAROLINA), INC. *doing business as* )
Mandara Spa, )
 )
           Defendants. )
_____ )

This matter is before the Court on Plaintiff's Motion for Leave to File Exhibits Under Seal (the "Motion to Seal," Doc. 44).

The Motion to Seal was previously held in abeyance pending the filing of the subject documents. Doc. 45. As those materials have now been submitted, the Motion to Seal is ripe for ruling.

Specifically, on July 9, 2021, Plaintiff filed a Motion for Leave to Amend Complaint (the "Motion to Amend," Doc. 46). Additionally, Plaintiff filed a Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint (the "Memorandum in Support," Doc. 47) with exhibits. Docs. 47-1 – 47-9.[1]

---

[1] The Motion to Amend itself appears on the public docket, while the Memorandum in Support and the exhibits have been filed under seal provisionally.

1

By the Motion to Seal, Plaintiff asks that her Memorandum in Support, as well as the following exhibits attached to the Memorandum in Support, remain under seal:

1. Exhibit 2 (Doc 47-2), an "Incident Report" relative to alleged conduct by a prior spa employee in January 2017.

2. Exhibit 3 (Doc. 47-3), an "Employee Personal Information & Work History Log" for that prior employee referencing the alleged 2017 incident.

3. Exhibit 4 (Doc. 47-4), an "Employee Counseling Report" for that prior employee regarding a separate alleged incident in 2013.

4. Exhibit 5 (Doc. 47-5), internal corporate emails pertaining to the alleged 2017 incident.

5. Exhibit 6 (Doc. 47-6), internal corporate emails pertaining to the allegations of sexual assault involving Defendant Robinson.

6. Exhibit 9 (Doc 47-9), excerpts from the deposition of Autumn Parker.

Plaintiff advises that Defendants do not oppose the Motion to Seal. See Doc. 46 at 2. Plaintiff further states that these exhibits have been marked as confidential by Defendant OneSpaWorld Resort Spas (North Carolina), Inc. doing business as Mandara Spa ("OneSpaWorld"). Doc. 44 at 1.

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to

object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR6.1(c).

The undersigned has considered the Motion to Seal, the public's interest in access to the subject documents, and alternatives to sealing.

The public has been provided with adequate notice of the Motion to Seal; the Motion has been pending since July 7, 2021 and describes the documents to be sealed and the arguments in support of the Motion.

Exhibits 2, 3, 4, and 5 pertain to alleged conduct by a former employee who is not a party to this action and involve one or more alleged victims who are also not parties to this action or the other cases involving Defendant Robinson. Accordingly, for purposes of the Motion to Amend, the undersigned will allow these materials to remain under seal. However, this issue may be

3

revisited should these materials need to be considered in the context of later proceedings, such as a Motion for Summary Judgment.

Regarding Exhibit 6, the information contained in this exhibit pertains directly to the allegations in this matter. As for Exhibit 9, the deposition excerpts, as Plaintiff describes them, pertain to Ms. Parker's testimony regarding corporate management of the spa. That this information was designated by OneSpaWorld as being confidential pursuant to the Protective Order entered in this case is relevant to the sealing inquiry, though is not dispositive of it. Further, as these exhibits relate to Plaintiff's request to add defendant Steiner Management Services, LLC as a new party, they are relevant to the Motion to Amend. Consequently, the undersigned is not persuaded that sealing either Exhibit 6 or Exhibit 9 is warranted.

With respect to Plaintiff's request to file her entire Memorandum in Support under seal, it does not appear that such a broad sealing order is necessary. Much of the information appearing in Plaintiff's Memorandum in Support is also described in the proposed Amended Complaint, which will be a matter of public record if the Motion to Amend is allowed.

However, to the extent Plaintiff wishes to file a redacted version of her Memorandum in Support, which removes references to information taken from the materials Plaintiff will be allowed to file under seal (Exhibits 2, 3, 4, and 5) and further to the extent such information is not described in the proposed

Amended Complaint, Plaintiff may do so.

Finally, although the Motion to Seal only seeks to seal the Memorandum in Support and Exhibits 2, 3, 4, 5, 6, and 9, Plaintiff has also provisionally filed Exhibit 1 (Doc. 47-1), Exhibit 7 (Doc. 47-7), and Exhibit 8 (Doc. 47-8) under seal. As Plaintiff has not moved to seal those exhibits, they will be unsealed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Seal (Doc. 44) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The Motion is **GRANTED** with respect to Exhibits 2, 3, 4, and 5 (Docs. 47-2, 47-3, 47-4, and 47-5). These documents shall remain under seal until further Order of the Court. However, such sealing may be revisited should these materials need to be considered in the context of later proceedings.

2. The Motion is **DENIED** with respect to Exhibits 6 and 9 (Docs. 47-6 and 47-9), and the Clerk is respectfully directed to **UNSEAL** these exhibits.

3. The Clerk is also respectfully directed to **UNSEAL** Exhibits 1, 7, and 8 (Docs. 47-1, 47-7, and 47-8).

4. Plaintiff may file, on or before **August 6, 2021**, a redacted version of the Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint (Doc. 47) redacting information allowed by this Order to be sealed, to the extent such information is not described in the

proposed Amended Complaint.

5. The unredacted version of the Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint (Doc. 47) will remain under seal on the Court's docket at this time. If Plaintiff does not file a redacted version of the Memorandum in Support by **August 6, 2021**, the unredacted Memorandum in Support will be unsealed.

Signed: July 23, 2021

W. Carleton Metcalf
United States Magistrate Judge