IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 213 MR WCM

KATHERINE DROLETT, )
)
                 Plaintiff, )
)    ORDER
v. )
)
ANTHONY BRIAN ROBINSON, )
ONESPA WORLD RESORT SPAS (NORTH )
CAROLINA), INC. *doing business as* )
Mandara Spa, )
)
                 Defendants. )
_____ )

This matter is before the Court on the following motions:

(1) Plaintiff's Motion for Leave to Amend Complaint (the "Motion to Amend," Doc. 46).

(2) Joint Motion to Extend Period for Discovery and Amend the Pretrial Order and Case Management Plan (the "Motion to Amend Pretrial Order," Doc. 48).

(3) Defendant Anthony Brian Robinson's Motion for Enlargement of Time to Respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (the "Motion to Extend Discovery Response Deadline," Doc. 51).

I.    Background

On August 5, 2020, Plaintiff filed her original complaint against existing defendants Anthony Brian Robinson ("Robinson") and OneSpaWorld Resort Spas (North Carolina), Inc. doing business as Mandara Spa ("OneSpaWorld"). Doc. 1.

1

On November 24, 2020, a Pretrial Order and Case Management Plan was entered. Doc. 24.

On February 25, 2021, the undersigned granted in part a Motion to Stay Proceedings by Robinson and likewise granted in part a Joint Motion to Extend Period for Discovery and Amend the Pretrial Order and Case Management Plan. Doc. 39.

The limited stay as to Robinson dissolved on May 27, 2021.

On July 9, 2021, Plaintiff filed the Motion to Amend, by which Plaintiff seeks leave to file an Amended Complaint which adds allegations and claims against Robinson and OneSpaWorld, as well as claims against a new defendant, Steiner Management Services, LLC ("Steiner Management"). Doc. 47-1. Because this Court's federal subject matter jurisdiction is premised on 28 U.S.C. § 1332, Plaintiff was directed to file a Notice setting forth the citizenship particulars of Steiner Management. See Doc. 50.

On July 23, 2021, Plaintiff, Robinson, and OneSpaWorld jointly filed the Motion to Amend Pretrial Order. Doc. 48.

On August 4, 2021, Robinson filed the Motion to Extend Discovery Response Deadline. Doc. 51.

On August 6, 2021, Plaintiff filed a Notice of Citizenship. Doc. 52. That Notice and the attached documentation indicate that Steiner Management is a citizen of Florida and New York, and therefore the addition of Steiner

Management would not destroy this Court's subject matter jurisdiction. See Doc. 52; Doc. 52-2. Also attached to Plaintiff's Notice of Citizenship is a revised proposed Amended Complaint, which Plaintiff filed to "accurately reflect Steiner Management Services, LLC's citizenship." Doc. 52 at 1; Doc. 52-5.

## II. Motion to Amend

### A. Legal Standard

When reviewing requests for leave to amend, courts are guided by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires, and "by the general policy embodied in the Federal Rules favoring resolution of cases on their merits." Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980), *cert. denied*, 448 U.S. 911 (1980).

"In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should as the rules require, be 'freely given.'" Forman v. Davis, 371, U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc)); Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008)("Under Rule 15, a 'motion

3

Case 1:20-cv-00213-MR-WCM Document 53 Filed 08/11/21 Page 3 of 8

to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile'").

### B. Discussion

As noted, Plaintiff requests leave to file an Amended Complaint which "provides additional factual allegations uncovered during discovery and states additional claims against [OneSpaWorld]" and "adds a new Defendant, Steiner Management Services, LLC." Doc. 46 at 1.

Plaintiff states that the existing Defendants "do not consent to the amendment, but they do not oppose Plaintiff's Motion for Leave to Amend." Doc. 46 at 1-2; see also Doc. 47 at 16 (counsel for the opposing parties advised that "neither counsel would consent to Plaintiff's Motion to Amend, but that neither counsel would oppose the Motion"). In short, Defendants take no position regarding the Motion to Amend.

Nonetheless, the undersigned has conducted an independent review of the Motion to Amend.

The inclusion of additional factual allegations based on information disclosed during discovery is not significant for case management purposes; presumably, the existing parties are fully aware of this information.

More problematic is Plaintiff's request to add Steiner Management as a new defendant. In the brief supporting her Motion to Amend, Plaintiff states that in March and April 2021 OneSpaWorld produced documents regarding

4

Robinson's employment, including the decision at one point to allow him to return to work following a suspension. Additional information regarding Steiner Management was obtained during the deposition of Bruce Taylor which was taken on April 7, 2021 and the deposition of Autumn Parker which was taken on April 23, 2021. Doc. 47 at 5-11; see also Doc. 47 at 15-16.

Discovery in this matter has been open since the entry of the Pretrial Order in late November 2020. Certain pretrial deadlines were extended in late February 2021, and the deadline to complete discovery was August 6, 2021. Doc. 39. It is not apparent why information regarding Steiner Management was not obtained previously in discovery or why Plaintiff did not request leave to add Steiner Management as a defendant earlier.

However, "[d]elay alone…without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as reason for denial." Davis, 615 F.2d at 613; see also Edwards v. City of Goldsboro, et al., 178 F.3d 231, (4th Cir. 1999) ("delay must be accompanied by prejudice, bad faith, or futility.") (citing Johnson v. Orowheat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Consequently, considering Plaintiff's allegations, as well as the lack of opposition from the existing Defendants regarding the Motion to Amend, the Motion to Amend will be allowed.

### III. Motion to Amend Pretrial Order

The current deadlines and proposed deadlines are:

|  | Current | Proposed |
|---|---|---|
| Expert Disclosures | | |
|     Plaintiff | April 26, 2021 | |
|     Defendants | May 28, 2021 | July 30, 2021 (Robinson) |
| Discovery: | August 6, 2021 | October 1, 2021 |
| Mediation: | August 20, 2021 | October 22, 2021 |
| Motions: | September 3, 2021 | November 5, 2021 |

The parties contend that because the stay as to Robinson has been "lifted due to the conclusion of his criminal matter," it is necessary for Plaintiff to conduct discovery as to Robinson. Doc. 48 at 1.

The undersigned presumes that the parties have proceeded with other discovery efforts while the limited stay as to Robinson was in effect.

Nonetheless, to allow the parties time to complete any discovery concerning Robinson, and in light of the addition of Steiner Management, the Motion to Amend Pretrial Order will be allowed. The trial date must necessarily be modified as well.

### IV. Motion to Extend Discovery Response Deadline

Robinson seeks a thirty-day extension of time to respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. Doc. 51 at 1. However, Robinson does not indicate the position(s) of the other parties regarding the relief requested, as required by Local Civil Rule 7.1(b). The

6

Motion to Extend Discovery will therefore be denied without prejudice. Robinson may refile the motion with an appropriate certification. The parties are also free to address an extension by way of stipulation. See Fed. R. Civ. P. 29(b) (Stipulations About Discovery Procedure); Doc. 24 (Pretrial Order and Case Management Plan), §II(G).

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion for Leave to Amend Complaint (Doc. 46) is **GRANTED**, and Plaintiff is **DIRECTED** to file her Revised Amended Complaint (Doc. 52-5) on or before August 18, 2021.

(2) The Joint Motion to Extend Period for Discovery and Amend the Pretrial Order and Case Management Plan (Doc. 48) is **GRANTED**, and the following deadlines are **EXTENDED**:

    a. Defendant Robinson's Expert Disclosures through and including August 18, 2021;

    b. Discovery through and including October 1, 2021;

    c. Mediation through and including October 22, 2021;

    d. Motions through and including November 5, 2021.

    e. Considering these extensions, and the addition of Steiner Management Services, LLC as a defendant in this matter, **IT IS FURTHER ORDERED** that the trial is **RESET** to the May 9, 2022 term.

  f.  All other provisions of the Pretrial Order and Case Management Plan (Doc. 24) remain in effect.

(3) Defendant Anthony Brian Robinson's Motion for Enlargement of Time to Respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Doc. 51) is **DENIED WITHOUT PREJUDICE**.

Signed: August 11, 2021

W. Carleton Metcalf
United States Magistrate Judge