**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 1-20-cv-00213**

| | | |
|---|---|---|
| KATHERINE DROLETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED COMPLAINT** |
| v. | ) | **(Jury Trial Demanded)** |
| | ) | |
| ANTHONY BRIAN ROBINSON and | ) | |
| ONESPAWORLD RESORT SPAS | ) | |
| (NORTH CAROLINA), INC., d/b/a | ) | |
| MANDARA SPA and STEINER | ) | |
| MANAGEMENT SERVICES, LLC | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES Plaintiff, complaining of Defendants, and alleges and says:

## PARTIES

1.     Plaintiff Katherine Drolett ("Ms. Drolett" or "Plaintiff") is a citizen and resident of Atlanta, Fulton County, Georgia.

2.     Defendant OneSpaWorld Resort Spas (North Carolina), Inc. ("Defendant Mandara Spa") is a corporation duly organized and existing under the laws of the State of Florida, with its principal place of business in Coral Gables, Miami-Dade County, Florida. OneSpaWorld Resort Spas (North Carolina), Inc. operates the Mandara Spa located within the Harrah's Cherokee Casino Resort in Cherokee, Cherokee County, North Carolina. At the time of the events described in this Complaint, OneSpaWorld Resort Spas (North Carolina), Inc. operated under the legal name Steiner Resort Spas (North Carolina), Inc.

1

Steiner Resort Spas (North Carolina), Inc. and amended its certificate of authority to operate under the corporate name OneSpaWorld Resort Spas (North Carolina), Inc., upon information and belief, in November of 2019.

3.     Defendant Steiner Management Services, LLC ("Defendant Steiner Corporate") upon information and belief, is a limited liability company organized under the laws of Florida and headquartered in Coral Gables, Florida.   Steiner Management Services, LLC is managed by its title members Steiner U.S. Holdings, Inc. and Steiner Beauty Products, Inc.   Steiner U.S. Holdings, Inc. is. a corporation duly formed and existing under the laws of Florida that underwent a corporate name change to Zory Holdings, Inc., in 2019 with a principal place of business in Coral Gables, Florida. Steiner Beauty Products, Inc is a corporation duly formed and existing the under the laws of the State of Florida that underwent a corporate name change to Elemis USA, Inc. with its principal place of business in New York, New York.  Upon information and belief, Steiner Management Services, LLC is a citizen of Florida and New York.  At all times relevant to the allegations contained in the Amended Complaint, Defendant Steiner Corporate provided management services to Defendant Mandara Spa.

4.     Defendant Anthony Brian Robinson ("Defendant Robinson") is a citizen and resident of Clyde, Haywood County, North Carolina.  At all relevant times, Defendant Robinson was an employee and/or agent and/or apparent agent of Defendant Mandara Spa, and was acting in the course and scope of said employee or agency or apparent agency relationship.

## JURISDICTION

5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332. Diversity of citizenship is present in that Plaintiff is a citizen of Georgia, Defendant Robinson is a Forum Defendant and citizen of North Carolina, Defendant Mandara Spa is a citizen of Florida, and Defendant Steiner Corporate is a citizen of Florida and New York. The amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     The basis of jurisdiction is that a substantial part of the events or omissions giving rise to this claim occurred in Haywood County, North Carolina located within jurisdiction of the United States Court Western District of North Carolina.  Thus, venue is proper under 28 U.S.C. §1391(b)(2).

## ROLE OF DEFENDANT STEINER CORPORATE IN THE MANAGEMENT OF DEFENDANT MANDARA SPA

7.     Upon information and belief, Defendant Steiner Corporate, at all times relevant to the allegations contained in the Amended Complaint, provided management services, including, but not limited to, accounting services, human resource services, risk management services, operation services, accounting services, and legal services to Defendant Mandara Spa.

8.     Upon information and belief, Defendant Steiner Corporate, at all times relevant to the allegations contained in the Amended Complaint, drafted, revised, and disseminated policies and procedures provided to employees at Defendant Mandara Spa.

9.     Upon information and belief, Defendant Steiner Corporate, at all times relevant to the allegations contained in the Amended Complaint, drafted, revised, and disseminated policies and procedures related to the supervision, hiring, and training of massage therapists at Defendant Mandara Spa.

10.     Upon information and belief, Defendant Steiner Corporate, at all times relevant to the allegations contained in the Amended Complaint, drafted, revised, and disseminated policies and procedures for massage therapist misconduct at the Defendant Mandara Spa.

11.     Upon information and belief, Defendant Steiner Corporate, at all times relevant to the allegations contained in the Amended Complaint, retained decision-making authority over the hiring, suspension, and termination of employees, including massage therapists, at Defendant Mandara Spa.

12.     Upon information and belief, Defendant Steiner Corporate, at all times relevant to the allegations contained in the Amended Complaint, retained decision-making authority over the determination of whether a massage therapist previously accused of sexual assault at Defendant Mandara Spa was fit and competent to return to work following sexual assault allegations.

13.     When an allegation of sexual assault or inappropriate conduct by a massage therapist arises at Defendant Mandara Spa, the policies and procedures drafted by Defendant Steiner Corporate and disseminated to Defendant Mandara Spa require management from Defendant Mandara Spa to report the allegations to Defendant Steiner Corporate Risk Management. Defendant Steiner Corporate Risk Management receives the incident reports, inputs information related to the incident reports into a claims database, and retains the incident report in a physical file in the risk management department in Coral Gables, Florida.

## HISTORY OF PREVIOUS SEXUAL ASSAULT AT DEFENDANT MANDARA SPA BY J.C.

14.    Plaintiff incorporates all preceding paragraphs by reference.

15.    On or around December of 2012, J.C[1], a male, was hired by Defendant Mandara Spa as a massage therapist at Mandara Spa in Cherokee, North Carolina.

16.    In November of 2013, Defendant Mandara Spa received a guest complaint from a client of Mandara Spa, ("T.H") that J.C. had left her undraped during a portion of her massage. This alleged incident of boundary violation, inappropriate conduct, and improper draping was reported to  Defendant Mandara Spa Director and Defendant Mandara Spa agent Bruce Taylor.

17.    The Standard Operating Procedure is a document provided to Defendant Mandara Spa by Defendant Steiner Corporate.   This document outlines a four-step process to be followed by Defendant Mandara Spa after an allegation of inappropriate behavior against a massage therapist.  The Standard Operating Procedure states that following an allegation of inappropriate behavior that an investigation will commence, and that:

    a.  the Spa Director or manager level employee will speak to the guest, take   a statement, and if necessary, escort the guest from the spa.

    b. The Spa Director or manager-level employee will speak to the therapist and any other witnesses.  The therapist and witnesses will provide a written statement of events.

    c. The Therapist will be removed from the schedule and placed on suspension pending further investigation.

    d.  The Spa director will review and forward the incident report along with all written statements to the Steiner Risk Management

---

[1] Plaintiff will refer to J.C. and the alleged sexual assault victims of J.C. by their initials to protect the confidentiality of these individuals.

department, the Regional Director and the COO & Sr. VP of Land Based Spas and assigned Human Resource Director.

18.     In J.C's Employee Counseling Report, there is a note with respect to the 2013 draping complaint categorizing the incident as "inappropriate conduct."

19.     An incident report for this alleged inappropriate conduct was not created in November of 2013 despite Defendant Steiner Corporate and Defendant Mandara Spa policies and procedures that require an investigation to commence, and an incident report form to be filled out following an allegation of inappropriate conduct by a massage therapist at Defendant Mandara Spa.

20.     J.C. was not removed from the schedule or placed on suspension pending further investigation following T.H's allegations of inappropriate conduct.

21.     Upon information and belief, no documentation regarding the allegations made by T.H., was sent to either Defendant Steiner Corporate's risk management department, the Regional Director, the COO and Senior Vice-President of Land Based Spas or the assigned human resources director.

22.     Defendant Mandara Spa did not contact the Cherokee Police Department regarding T.H's allegations of inappropriate conduct in November of 2013, nor did Defendant Mandara Spa conduct an independent investigation into T.H's complaint.

23.     Upon information and belief, J.C. did not receive any disciplinary action for the alleged incident in 2013 involving T.H and had no additional restrictions placed on his ability to perform unsupervised massages on customers of Defendant Mandara Spa.

24.     Upon information and belief, J.C. received no additional training or education on boundary violations during the course of a massage after this alleged incident

6

of inappropriate conduct in 2013 prior to being allowed to return to work and perform unsupervised massages on female guests of Defendant Mandara Spa.

25.     Upon information and belief, J.C. was not audited on his draping technique after this alleged inappropriate conduct in 2013, nor was his draping technique monitored after the alleged incident of inappropriate conduct.

26.     Defendant Steiner Corporate and Defendant Mandara Spa took provided no additional supervision to J.C. following the alleged incident of inappropriate conduct in 2013.

27.     Defendant Steiner Corporate and Defendant Mandara Spa made no changes to the policies and procedures related to boundary violations, training, investigation, or education for massage therapists following the alleged incident of inappropriate conduct in 2013.

28.     Defendant Steiner Corporate and Defendant Mandara Spa did not implement additional measures to prevent sexual assaults or boundary violations following the alleged incident of inappropriate conduct in 2013.

29.     Defendant Steiner Corporate and Defendant Mandara Spa did not report J.C. to the North Carolina Board of Massage therapy following the alleged incident of inappropriate conduct in 2013.

30.     On January 8, 2017, J.C. allegedly sexually assaulted a female customer ("J.W.H") during the course of a deep tissue massage at Defendant Mandara Spa.

31.     J.W.H alleged that J.C. touched her thighs, and then her vagina twice.  J.W.H further alleged that J.C. put his hand on her breasts and his mouth on her nipple without her consent.

32.     J.C. resigned on January 9, 2017, the day after J.W.H's allegation of sexual assault.

33.     This alleged incident of sexual assault and boundary violation was reported to Defendant Mandara Spa Director Bruce Taylor.  Mr. Taylor also informed several members of Defendant Steiner Corporate's management team of J.W.H.'s complaint of alleged sexual assault.

34. On January 8, 2017, Mr. Taylor forwarded the incident report containing allegations of sexual assault against J.C. to Christina Sullivan, Elizabeth Junco, and Mary Yesenio.  Upon information and belief, Ms. Sullivan, Ms. Junco, and Ms. Yesenio at the time of receipt of this email containing allegations of sexual assault were employees, representatives, agents, or apparent agents of Defendant Steiner Corporate.

35.     Mr. Taylor, the Spa Director of Defendant Mandara Spa, never opened the incident report of J.W.H and never read J.W.H's allegations despite J.C. being a massage therapist employed by Defendant Mandara Spa at the time of the allegations of sexual assault.  Mr. Taylor also never participated in or conducted any investigation into the sexual assault allegations made against J.C.

36.     Following the sexual assault allegations against J.C. on January 8, 2017, Defendant Steiner Corporate and Defendant Mandara Spa did not change, revise, or alter their policies and procedures related to sexual assault reporting at Defendant Mandara Spa.

37.     Following the sexual assault allegations against J.C. on January 8, 2017, Defendant Steiner Corporate and Defendant Mandara Spa did not change, revise, or alter their policies and procedures related to the supervision, training, or hiring of massage therapists.

38.     Following the sexual assault allegations against J.C. on January 8, 2017, Defendant Steiner Corporate and Defendant Mandara Spa did not change, revise, or alter their policies and procedures with respect to massage therapist misconduct.

39.     Following the sexual assault allegations against J.C. on January 8, 2017, Defendant Steiner Corporate and Defendant Mandara Spa did not change, revise, or alter their policies with respect to supervising massage therapists.

40.     Following the sexual assault allegations against J.C. on January 8, 2017, Defendant Steiner Corporate did not change, revise, or alter any of the policies and procedures disseminated to Defendant Mandara Spa.

41.     Following the sexual assault allegations against J.C. on January 8, 2017, Defendant Steiner Corporate and Defendant Mandara Spa did not implement reasonable measures to prevent future sexual assaults at the Mandara Spa.

42.     Upon information and belief, no one from Defendant Steiner Corporate or Defendant Mandara Spa reported J.C. to the North Carolina Board of Massage Therapy following J.W.H.'s sexual assault allegation on January 8, 2017.

43.     Upon information and belief, Defendant Steiner Corporate and Defendant Mandara Spa took no affirmative steps either through changes in policy, training, or

supervision of massage therapists to prevent or deter sexual assaults from occurring on its premises following J.C.'s sexual assault against J.W.H on January 8, 2017.

44.     Following the allegations of sexual assault by J.W.H. in January 2017, Mandara Spa management did not conduct any additional training with its massage therapists at the Cherokee, North Carolina location.

45.     Upon information and belief, following the allegations of sexual assault by J.W.H. in January 2017, Defendant Mandara Spa management made no additional effort to determine whether massage therapists at the Defendant Mandara Spa were knowledgeable and in compliance with the policies and procedures of Defendant Mandara Spa.

46.     Despite notice that an unsafe condition existed at Defendant Mandara Spa as evidenced by at least two alleged instances of inappropriate conduct by J.C, Defendant Mandara Spa failed to warn invited guests of unsafe conditions and hidden dangers of which Defendant Mandara Spa was aware.

47.     Despite notice that J.C. had been alleged to have committed at least two acts of unsafe massage practices and/or sexual assault, Defendant Steiner Corporate and Defendant Mandara Spa made no changes to their policies and procedures relating to the hiring, firing, training, or supervision of massage therapists at Defendant Mandara Spa.

48.     Despite notice that J.C. had been alleged to have committed at least two acts of inappropriate conduct and/or sexual assault, Defendant Steiner Corporate and Defendant Mandara Spa made no changes to their policies and procedures for investigating internal complaints of sexual assault and Defendant Steiner Corporate and Defendant  Mandara Spa

made no changes to designate competent investigators to thoroughly evaluate guests' complaints of sexual assault.

49. Despite notice that J.C. had been alleged to have committed at least two acts of inappropriate conduct and/or sexual assault, Defendant Steiner Corporate and Defendant Mandara Spa made no changes to policies related to reporting acts of sexual assault to law enforcement authorities or to the North Carolina Massage Board.

## HISTORY OF PREVIOUS SEXUAL ASSAULT AT
## DEFENDANT MANDARA SPA BY DEFENDANT ROBINSON

50. Plaintiff incorporates all preceding paragraphs by reference.

51. In April of 2018, Meredith Carr ("Ms. Carr") traveled to Harrah's Cherokee Hotel and Casino for a vacation with her two friends, Justin Winstead and Melissa Curran.

52. On April 21, 2018, Ms. Carr was booked at the Mandara Spa for a variety of spa services, including a massage.

53. Defendant Robinson was assigned to perform the massage of Ms. Carr.

54. Ms. Carr made no complaints prior to her massage about pain, swelling, or discomfort in her vaginal area to anyone at Defendant Mandara Spa, including but not limited to Defendant Robinson.

55. Defendant Robinson located Ms. Carr in the "relaxation room" and guided to her massage room where she disrobed.

56. Ms. Carr had previously had multiple massages at a variety of locations and was familiar with the procedure of a massage.

57.     After Ms. Carr disrobed, Defendant Robinson began his massage of Ms. Carr as a licensed massage therapist in the course and scope of his employment at Defendant Mandara Spa.

58.     At an unknown point during the massage, Defendant Robinson placed an eye covering over Ms. Carr's eyes.

59.     After Defendant Robinson placed the eye covering on Ms. Carr, he began to massage her upper body close to her breasts.

60.     As Defendant Robinson massaged Ms. Carr's upper body, he reached his hands beneath the draping covering her breast and began to squeeze and grope Ms. Carr's breasts.  Defendant Robinson continued to squeeze Ms. Carr's nipples with force.

61.     If a customer is properly draped by the licensed massage therapist, it should be impossible for the masseuse to touch the breasts of a female client.

62.     Ms. Carr was shocked and frozen in fear as Defendant Robinson continued his sexual assault.  She was afraid that Defendant Robinson would inflict additional harm upon as she laid on the massage table.

63.     After Defendant Robinson groped Ms. Carr's breasts, he moved along the side of the massage table and inserted his fingers with force into her vagina, causing Ms. Carr pain and suffering.   Ms. Carr eventually recovered from her shock and pushed Defendant Robinson's hands away from her genitalia.  Ms. Carr noticed that Defendant Robinson was panting and sweating profusely.

64.     Defendant Robinson abruptly ended the massage after Ms. Carr's complaints.

65. Ms. Carr was guided to the relaxation room by Defendant Robinson in search of her friends. She was unable to locate her friends and was guided to the elevator where she returned to the Defendant Mandara Spa lobby.

## DEFENDANT MANDARA SPA'S RESPONSE AND INVESTIGATION OF THE MEREDITH CARR SEXUAL ASSAULT INCIDENT

66. When Meredith Carr arrived in the lobby of Defendant Mandara Spa, she immediately notified her friend Melissa Curran ("Ms. Curran") that she had been sexually assaulted.

67. After speaking with Ms. Curran, Ms. Carr and Ms. Curran decided to contact a member of the staff at the front desk about the sexual assault that had occurred minutes earlier.

68. Ms. Curran contacted the front desk, and Spa Manager Sherri Rogers ("Ms. Rogers") met Ms. Carr and Ms. Curran in the hallway immediately outside the spa to discuss the assault.

69. Ms. Carr and Ms. Curran informed Ms. Rogers about the assault. Ms. Rogers' first response was to ask Ms. Carr repeatedly if she had asked Defendant Robinson to "stop."

70. Ms. Carr, still in shock and pain from the assault perpetrated by Defendant Robinson, was told to wait in the lobby while Ms. Rogers contacted another Spa Director for guidance on dealing with the complaint of sexual assault against Defendant Robinson.

71. Ms. Rogers requested that Ms. Carr and Ms. Curran fill out incident reports describing what had occurred.

72.     Ms. Carr and Ms. Curran filled out incident reports describing the sexual assault perpetrated by Defendant Robinson.

73.     At no point during their interaction with Ms. Carr or Ms. Curran did any employees of Defendant Mandara Spa call the police.  To the contrary, they assured Ms. Carr that they could handle the complaint "in-house."  No offer to call, or actual call to the police was made by Defendant Mandara Spa after Ms. Carr's complaint despite the presence of multiple telephones, including cellular telephones carried by the employees.

74.     Ms. Carr grew frustrated with the lack of action and deliberate inaction of Defendant Mandara Spa in contacting the proper authorities.  Ms. Carr called the Cherokee Indian Police Department, which dispatched an officer to the scene.

75.     Officer Donnie Allen of the Cherokee Indian Police Department arrived at the scene and instructed Defendant Mandara Spa to retrieve Ms. Carr's clothes from the lockers on the lower floor.  Ms. Carr  put on her clothes and followed Officer Donnie Allen to the Cherokee Indian Hospital where she was admitted for treatment.

76.     Ms. Carr underwent a sexual assault examination at the Cherokee Indian Hospital where she was diagnosed as having been sexually assaulted.  The Sexual Assault Nurse Examiner ("SANE") nurse noted swelling, redness, and a cut in her vagina.  The exam was suspended because of Ms. Carr's vaginal discomfort.

77.     Ms. Carr and her friends returned to Raleigh that evening.

78.     Ms. Carr was treated by her primary physician for vaginal pain and was assessed for sexual assault.

79. Upon information and belief Defendant Steiner Corporate was informed of Ms. Carr's allegations on or around April 21, 2018.

80. Upon information and belief, Defendant Mandara Spa sent the incident reports of Ms. Carr, Defendant Robinson, Ms. Rogers, and Ms. Curran to Defendant Steiner Corporate on or around April 21, 2018.

81. Upon information and belief no formal investigation of the incident was performed by Defendant Steiner Corporate or Defendant Mandara Spa.

82. Defendant Mandara Spa Director, Bruce Taylor agreed that a massage therapist who was accused inserting his fingers into a client's vagina and grabbing the female client's breasts against her will should not be allowed to return to work unsupervised following such allegations.

83. The Cherokee Indian Police launched an investigation into the sexual assault perpetrated on Ms. Carr in the immediate aftermath of the incident.

84. Ms. Carr initiated an action in Wake County Superior Court 19 CVS 6035 in 2018 against Defendant Robinson individually, and Mandara Spa. The action is pending, and the parties are currently engaging in discovery.

## THE SEXUAL ASSAULT OF KATHERINE DROLETT BY DEFENDANT ROBINSON AT DEFENDANT MANDARA SPA

85. Plaintiff incorporates all preceding paragraphs by reference.

86. After an unknown amount of time, Defendant Steiner Corporate and Defendant Mandara Spa jointly approved Defendant Robinson's return to work at Defendant Mandara Spa.

87.     Defendant Robinson was contacted by Defendant Mandara Spa, which told him that he could return to work from his suspension.  Defendant Robinson returned to work at Defendant Mandara Spa on or around May 18, 2018.

88.     When Defendant Robinson was permitted to return to work at Defendant Mandara Spa following his suspension, less than one month had elapsed since he was accused of sexually assaulting Ms. Carr on April 21, 2018.

89.     When Defendant Robinson was permitted to return to work at Defendant Mandara Spa following his suspension, the investigation by the Cherokee Police Department into the events of April 21, 2018, sexual assault of Ms. Carr was ongoing.

90.     Upon information and belief, when Defendant Robinson returned to work from his suspension, he was given no specific information about why his suspension had ended. Defendant Robinson was told only that he was eligible to return to work at Defendant Mandara Spa.

91.  After his suspension, Defendant Robinson received no disciplinary action and had no restrictions placed on his ability to perform massages at Defendant Mandara Spa.

92.     Upon information and belief, Defendant Robinson received no additional training or education on sexual assault and boundary violations during the course of a massage after his return from suspension.

93.     Defendant Robinson was not audited on his draping technique after his return to work from suspension.

94.     Defendant Robinson's draping technique was not monitored after his return to work from suspension.

95. Defendant Mandara Spa took no affirmative action to supervise Defendant Robinson during the course of his massages after his return to work from suspension.

96. Despite an ongoing police investigation into forceful sexual assault by Defendant Robinson perpetrated against Ms. Carr, Defendant Mandara Spa allowed Defendant Robinson to perform massages on female clients with no supervision after his return to work from suspension.

97. Despite an ongoing police investigation into forceful sexual assault by Defendant Robinson on Ms. Carr, Defendant Steiner Corporate made no changes to the policies and procedures at the Mandara Spa with respect to massage therapist misconduct.

98. Despite an ongoing police investigation into forceful sexual assault by Defendant Robinson on Ms. Carr, Defendant Steiner Corporate did not direct Defendant Mandara Spa to put in place any additional sexual assault preventative measures at the Mandara Spa location.

99. Despite an ongoing police investigation into forceful sexual assault by Defendant Robinson on Ms. Carr, Defendant Steiner Corporate did not effectuate any policy changes or revisions with respect to the supervision or training of massage therapists at Defendant Mandara Spa.

100. Following Ms. Carr's sexual assault allegations, Defendant Steiner Corporate did not change, alter, or otherwise revise any policies and procedures disseminated to Defendant Mandara Spa.

101. On August 31, 2018, Ms. Drolett booked an 80-minute massage at Defendant Mandara Spa.

102.    Mandara Spa assigned Defendant Anthony Robinson to perform the massage of Ms. Drolett.

103.    Defendant Robinson led Ms. Drolett into a massage room where she disrobed.

104.    Ms. Drolett had significant experience with massage therapy and was surprised and shocked when Defendant Robinson rubbed his hands down the entire length of her body, under her drape, in an unusually forceful manner.

105.    The pressure from Defendant Robinson's hands on Ms. Drolett's back made it difficult for her to breathe.  Ms. Drolett became scared and uncomfortable by Defendant Robinson's inappropriate touch.

106.    Approximately two-thirds of the way into Ms. Drolett's massage, Defendant Robinson turned Ms. Drolett over onto her back.

107.    After Ms. Drolett was turned onto her back, Defendant Robinson began to massage the Ms. Drolett's chest, shoulders, and neck.

108.    While Defendant Robinson massaged Ms. Drolett's chest, he reached underneath the draping and proceeded to forcefully grab Ms. Drolett's breasts, squeeze her breasts together, and grab her nipples.

109.     Ms. Drolett froze in fear after Defendant Robinson began the sexual assault. Ms. Drolett feared for her life and worried that if she said anything to Defendant Robinson, he would inflict deadly harm upon her.

110. During the sexual assault perpetrated by Defendant Robinson, Ms. Drolett feared he would snap her neck.

111. After the massage, Ms. Drolett returned to her room where she vomited from the fear and sense of violation during and after the perpetration of the sexual assault by Defendant Robinson.

112. Ms. Drolett waited in her room trying to contact her longtime friend and travel companion, Robert Middlebrooks. Ms. Drolett called him repeatedly, to no avail. After being unable to reach him, she went to the Casino floor in an effort to locate him.

113. Ms. Drolett's casino host, Buddy Parton, approached Ms. Drolett and Ms. Drolett proceeded to tell Mr. Parton that she had been sexually assaulted by Defendant Robinson at Defendant Mandara Spa.

114. At this time, Mr. Middlebrooks arrived, and Ms. Drolett told him about the assault.

115. Mr. Parton immediately contacted Mandara Spa Director Bruce Taylor.

116. Mr. Taylor spoke with Ms. Drolett on the telephone and informed her that Defendant Robinson had left the premises and that he would not be at the casino. Mr. Taylor arranged for a meeting with Ms. Drolett the following day.

117. Ms. Drolett met with Mr. Taylor and Autumn Parker on September 1, 2018, and provided a statement regarding the sexual assault perpetrated by Anthony Robinson.

118. During that time, Mr. Taylor apologized to the Ms. Drolett and assured her that behavior exhibited by Mr. Robinson was not tolerated by the Casino.

119. Mr. Taylor further assured Ms. Drolett that Defendant Robinson had no prior "red flag" incidents in the past that would have indicated that he was a danger to spa guests.

Mr. Taylor also informed Ms. Drolett that Defendant Mandara Spa had a "zero tolerance" policy for this type of inappropriate behavior.

120.    Mr. Taylor also assured Ms. Drolett that appropriate disciplinary action would be taken, that the incident would be reported to Casino authorities as required, and Mr. Robinson would not be allowed to work at Defendant Mandara Spa moving forward, as Mr. Taylor planned to conduct an "exit interview" with Defendant Robinson later that afternoon.

121.    Ms. Drolett was advised that they would be in contact with her as needed, and she offered to return and speak with anyone to ensure that Mr. Robinson did not harm anyone else.

122.    Mr. Taylor offered Ms. Drolett a "recovery package" including free spa treatments as compensation for her pain and suffering resulting from the sexual assault perpetrated by Defendant Robinson.

123.    Out of fear for her safety, Ms. Drolett decided to return to her home in Atlanta the night of September 1, 2018.  Originally, she was scheduled to return to Atlanta September 4, 2018.

124.    On her way home, Ms. Drolett learned through another masseuse that Mr. Robinson had been accused of sexual assault previously, and that Mr. Taylor and Defendant Mandara Spa knew about the previous sexual assault when they decided to allow Defendant Robinson to return to work from his suspension.

125.    Ms. Drolett called Cherokee Police on her drive back to Atlanta on September 1, 2020.

126. Ms. Drolett drove the nearly three hours back to Cherokee the following day, on September 2, 2018, to make a formal written statement. Ms. Drolett met with the Cherokee Police Department on or around September 3, 2018, and provided a written statement of the alleged sexual assault on September 3, 2018.

127. Defendant Robinson entered into an Alford plea for criminal charges arising out of the sexual assault against Katherine Drolett and Meredith Carr.

## FIRST CLAIM FOR RELIEF
### (Battery – Anthony Brian Robinson)

128. Plaintiff incorporates all preceding paragraphs by reference.

129. On August 31, 2018, Defendant Robinson sexually assaulted Ms. Drolett in the course and scope of his employment at Defendant Mandara Spa by intentionally and forcibly groping Ms. Drolett's breasts and squeezing her nipples with extreme force during a massage at Defendant Mandara Spa.

130. The forcible squeezing and pinching of Ms. Drolett's breasts and nipples caused her physical pain and suffering.

131. The forcible squeezing and pinching of Ms. Drolett's breasts and nipples occurred without her consent and was against her will.

132. The forcible squeezing and pinching of Ms. Drolett's breasts and nipples was an offensive touching, which would be unwanted and offensive to a reasonable person.

133. As a direct and proximate cause of this battery, Ms. Drolett is entitled to recover damages for pain and suffering, emotional distress, and permanent injury in excess of $75,000.

## SECOND CLAIM FOR RELIEF
### (Assault – Anthony Brian Robinson)

134.    Plaintiff incorporates all preceding paragraphs by reference.

135.    On August 31, 2018, Defendant Robinson sexually assaulted Ms. Drolett in the course and scope of his employment at Defendant Mandara Spa by intentionally and forcibly groping her breasts and squeezing her nipples with extreme force during a massage at Defendant Mandara Spa.

136.    During Ms. Drolett's massage, Defendant Robinson also inappropriately hit his hand against her pubic bone and rubbed his hands down the entire length of Ms. Drolett's body.  He also applied intense pressure to the back of her body to the point it was hard for her to breathe.

137.    Defendant Robinson's inappropriate touching resulted in Ms. Drolett experiencing a sense of imminent bodily injury.

138.    Ms. Drolett became so uncomfortable and afraid that she found it difficult to breathe.

139.    Ms. Drolett froze in fear that Defendant Robinson would inflict deadly harm upon her if she said anything to him about his forceful touch and sexual assault.

140.    Defendant Robinson intended to cause and did cause Ms. Drolett to suffer apprehension of an immediate harmful and offensive contact.

141.    Ms. Drolett's apprehension and fear were reasonable under the circumstances then existing.

142.    As a direct and proximate cause of this assault, Ms. Drolett is entitled to recover damages for pain and suffering, emotional distress, and permanent injury in excess of $75,000.

## THIRD CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress – Anthony Brian Robinson)**

143.    Plaintiff incorporates all preceding paragraphs by reference.

144.    Defendant Robinson intentionally or recklessly caused severe emotional distress to the Ms. Drolett in that:

    a.    He engaged in extreme and outrageous conduct by the forcible squeezing and pinching of Ms. Drolett's breasts and nipples during a massage in violation of 21 NCAC 30.0509 and exceeded all bounds of acceptable conduct tolerated by society.

    b.    He forcibly squeezed and pinched Ms. Drolett's breasts and nipples during a routine massage against her will, with reckless indifference to the likelihood that this conduct would cause severe emotional distress to Ms. Drolett.

145.    Ms. Drolett suffered severe emotional distress as a result of Defendant Robinson's conduct, requiring medical treatment.

146.    Following Defendant Robinson's sexual assault of Ms. Drolett, she vomited from a sense of fear and violation.

147.    As a direct and proximate cause of Defendant Robinson's intentional and reckless infliction of severe emotional distress, Ms. Drolett has suffered injuries including pain and suffering, severe emotional distress, and permanent injury.

148.    As a direct cause of Defendant Robinson's intentional and reckless infliction of severe emotional distress, Plaintiff has suffered damages in excess of $75,000.

23

## FOURTH CLAIM FOR RELIEF
### (Punitive Damages – Anthony Brian Robinson)

149.    Plaintiff incorporates all preceding paragraphs by reference.

150.    The conduct of Anthony Brian Robinson in the sexual assault of Ms. Drolett was willful and wanton conduct in that:

  a. The sexual battery of Ms. Drolett was perpetrated against her will.

  b. The sexual battery of Ms Drolett occurred when she was in a position of vulnerability involving hands on bodywork.

  c. Defendant Robinson violated 21 NCAC 30.0509 by engaging in sexual activity, in this instance the forcible squeezing and pinching of Ms. Drolett's breasts and nipples.

  d. Defendant Robinson willfully and wantonly assaulted Ms. Drolett with force against her will.

  e. Defendant Robinson acted with conscious and intentional disregard for the indifference to the rights and safety of others, including Ms. Drolett, by sexually assaulting Ms. Drolett with force against her will.

  f. Defendant Robinson battered Ms. Drolett with actual malice, oppression, insult, rudeness, gross and willful conduct, indignity, and reckless or wanton disregard for Ms. Drolett's rights by forcible squeezing and pinching her breasts and nipples.

151.    As a direct and proximate cause of Defendant Robinson's outrageous, aggravated, and willful and wanton conduct, Ms. Drolett suffered injuries including pain and suffering and severe emotional distress.

152.    As a direct and proximate cause of Defendant Robinson's outrageous, aggravated, and willful and wanton conduct, Ms. Drolett is entitled to recover punitive damages in an amount to be determined by a jury.

## FIFTH CLAIM FOR RELIEF

**(Alternative Pleading - Negligence of Anthony Brian Robinson)**

153. Plaintiff incorporates paragraphs all preceding paragraphs by reference.

154. Defendant Robinson owed a duty of care to Ms. Drolett as she was a customer at Defendant Mandara Spa and Defendant Robinson was working within the scope of his employment as a massage therapist while massaging Ms. Drolett.

155. Defendant Robinson breached that duty of care and was negligent in that he:

   a. Forcibly squeezed and pinched Ms. Drolett's breasts and nipples during a routine massage.

   b. Violated 21 NCAC 30 .0509 by forcibly squeezing and pinching Ms. Drolett's breasts and nipples during a routine massage.

   c. Was negligent in other ways to be shown through discovery.

156. As a direct and proximate cause of the negligence of Defendant Robinson, Plaintiff suffered pain and suffering, severe emotional distress, and pain and suffering with damages in excess of $75,000.

## SIXTH CLAIM FOR RELIEF
**(Respondeat Superior – Mandara Spa and Anthony Brian Robinson)**

157. Plaintiff incorporates all preceding paragraphs by reference.

158. At all relevant times, Defendant Robinson was an agent and/or employee and/or apparent agent of Defendant Mandara Spa and was acting within the course and scope of his employment or agency or apparent agency at Defendant Mandara Spa as a licensed massage therapist. His actions during the course and scope of his employment are imputed to Defendant Mandara Spa.

159. The scope of Defendant Robinson's employment involves the touching and massage of the human body in vulnerable locations.

160.    Defendant Robinson's battery, assault, and intentional infliction of emotional distress occurred during the massage session gifted by the Casino to Ms. Drolett through its Total Rewards program at Mandara Spa.

161.    As a direct and proximate cause of the battery and assault during the course and scope of Defendant Robinson's employment at Defendant Mandara Spa, Ms. Drolett suffered pain and suffering, emotional distress, and permanent injury during her massage treatment.

162.    As a direct and proximate cause of the actions of Mandara Spa, by and through its agent or employee Defendant Robinson, Ms. Drolett suffered pain and suffering and severe emotional distress and is entitled to damages in excess of $75,000.

## SEVENTH CLAIM FOR RELIEF
### (Negligent Supervision – Defendant Mandara Spa)

163.     Plaintiff incorporates all preceding paragraphs by reference.

164.    Defendant Mandara owed a duty of care to Ms. Drolett to prevent employees who may pose a threat of injury to its spa guests from performing massage therapy work customers.

165.    Defendant Mandara also had a duty to maintain a safe environment free of the known danger of sexual assault perpetrated on spa guests.

166.    Defendant Mandara Spa breached its duty of care and was negligent in that it:

      a.    Allowed an employee whose course and scope of employment involves the touching of the body while the client is in a vulnerable position to return to work, unsupervised, after being accused of sexual assault only weeks earlier.

b.	Allowed an employee to return to work after being accused of sexual assault to perform massages on female clients, unsupervised, despite actual and constructive notice that this employee had engaged in tortious conduct in the assault and battery of a female client only weeks earlier.

c.	Allowed an employee to return to work after being accused of sexual assault to perform massages on female clients, unsupervised, despite an ongoing criminal investigation by the Cherokee Police Department.

d.	Allowed Defendant Robinson, who had a history of sexual assault, to perform additional massages on women after actual and constructive notice of Mr. Robinson's inherent unfitness and incompetency to perform his work in a safe manner.

e.	Failed to supervise the draping techniques of Defendant Robinson when working alone with vulnerable female clients after Defendant Robinson was accused of sexual assault.

f.	Failed to require or provide professional supervision of Defendant Robinson by a qualified supervisor when working alone with vulnerable female clients.

g.	Failed to monitor and assess Defendant Robinson's draping techniques and boundary adherence issues before allowing Defendant Robinson to work on female clients alone and unsupervised.

h.	Failed to notify or take any action at all to inform and/or protect female clients against Defendant, an accused sexual predator.

i.	Failed to have in place adequate policies related to massage therapist supervision.

167.	On August 31, 2018, Ms. Drolett was a lawful visitor at Defendant Mandara Spa, and Defendant Mandara Spa expected to receive a benefit for performing massage services on Ms. Drolett.

168.    On August 31, 2018, Defendant Robinson was working in his official capacity as a massage therapist at Defendant Mandara Spa and sexually assaulted Ms. Drolett by forcibly squeezing her breasts and nipples.

169.    On August 31, 2018, Defendant Robinson was inherently unfit, incompetent, and a known danger to perform massage services on female clients as a result of the previous sexual assault allegations on April 21, 2018, made by Ms. Carr.

170.    Defendant Mandara Spa had actual and constructive notice of Defendant Robinson's unfitness as described in this Amended Complaint.

171.    On August 31, 2018, Defendant Robinson sexually assaulted Ms. Drolett resulting in injury.

172.    As a direct and proximate cause of the negligence of Defendant Mandara Spa, Ms. Drolett was sexually assaulted by Defendant Robinson on August 31, 2018.

173.    As a direct and proximate cause of the negligence of Defendant Mandara Spa, Plaintiff suffered severe emotional distress, pain and suffering, and permanent injury causing damages in excess of $75,000.

## EIGHTH CLAIM FOR RELIEF
### (Negligent Retention—Defendant Mandara Spa)

174.    Plaintiff incorporates all preceding paragraphs by reference.

175.    Defendant Mandara Spa owed a duty of care to Ms. Drolett to prevent employees who may pose a threat of injury to its spa guests from performing work directly on customers.

176.    Defendant Mandara Spa also owed a duty of care to maintain a safe environment free of sexual assault for its spa guests.

28

177. Defendant also owed a duty to retain competent massage therapists.

178. Defendant Mandara Spa breached that duty of care and was negligent in that it:

a. Allowed an employee whose scope of employment involves the touching of the body while the client is in a vulnerable position to return to work after being accused of sexual assault only weeks earlier.

b. Allowed Defendant Robinson to return to work after being accused of sexual assault and to perform massages on female clients despite actual and constructive notice that Defendant Robinson had sexually assaulted Ms. Carr on April 21, 2018.

c. Allowed Defendant Robinson to return to work after being accused of sexual assault and to perform massages on female clients despite an ongoing sexual assault investigation by the Cherokee Police Department.

d. Failed to perform any investigation into the sexual assault of Meredith Carr by Defendant Robinson on April 21, 2018.

e. Allowed Defendant Robinson, who had a history of sexual assault, to perform additional massages on women after actual and constructive notice of Mr. Robinson's inherent unfitness and incompetency to perform his work in a safe manner.

f. Failed to conduct an appropriate investigation into the April 21, 2018, sexual assault allegations against Defendant Robinson to determine his fitness for his job, which involved the touching of clients while the clients are in a vulnerable position.

i. Failed to have in place adequate policies and procedures to determine when a massage therapist accused of sexual assault should be allowed to return to work to perform massages on women, alone.

179. On August 31, 2018, Ms. Drolett was a lawful visitor to the Defendant Mandara Spa and Defendant Mandara Spa expected to receive a benefit for performing massage services on Ms. Drolett.

180.   On August 31, 2018, Defendant Robinson was inherently unfit, incompetent, and a known danger to perform massage services on female clients as a result of the previous sexual assault allegations by Ms. Carr on April 21, 2018.

181.   Defendant Mandara Spa had actual and constructive notice of Defendant Robinson's unfitness as described in this Complaint.

182.   As a direct and proximate cause of the negligence of Defendant Mandara Spa, Ms. Drolett was sexually assaulted by Defendant Robinson on August 31, 2018.

183.   As a direct and proximate cause of the negligence of Defendant Mandara Spa, Ms. Drolett suffered severe emotional distress, pain and suffering, and permanent injury damages in excess of $75,000.

## NINTH CLAIM FOR RELIEF
### (Punitive Damages—Defendant Mandara Spa)

184.   Plaintiff incorporates all preceding paragraphs by reference.

185.   Defendant Mandara Spa, its employees and agents knew of the dangers associated with allowing an accused sexual predator to perform massage therapy on customers in a position of vulnerability.

186.   Defendant Mandara Spa unreasonably failed to investigate the allegations against Defendant Robinson made by Ms. Carr, and unreasonably failed to ensure that Mr. Robinson was fit and safe to return to work on female clients.

187. Defendant Mandara Spa was aware of an ongoing criminal investigation into the allegations made by Ms. Carr at the time it permitted him to return to work and perform massages on female clients.

188. Upon information and belief, Defendant Mandara Spa ignored an ongoing criminal investigation of Defendant Robinson, and allowed him to return to work to perform massage therapy.

189. Defendant Mandara Spa, its managers, employees, and agents were fully aware of the risk posed by allowing a dangerous, unfit masseuse under formal police investigation for sexual assault to perform work on female clients yet acted with deliberate indifference to the rights and safety of others, including Ms. Drolett.

190. Defendant Mandara Spa imposed no additional restrictions on Mr. Robinson's massage services when he returned to work after being suspended for sexual assault allegations.

191. Defendant Mandara Spa provided no additional supervision of Mr. Robinson's massage services when he returned to work after being suspended for sexual assault allegations.

192. Defendant Mandara Spa did not require Defendant Robinson to complete any additional training before allowing him to return to work to provide massage services to female clients.

193. Defendant Mandara Spa failed to warn guests and customers of the dangers posed by an employee under investigation for sexual assault and failed to inform customers that Mr. Robinson was under formal police investigation for sexual assault.

194. Defendant Mandara Spa failed to take any steps to ensure that massage therapists, including Defendant Robinson, acknowledged and were in compliance with the policies and procedures following the allegations of sexual assault lodged by Ms. Carr and J.W.H.

195. One or more of Defendant Mandara Spa's corporate officers, directors, and or managers had actual knowledge that J.C. had allegedly engaged in a sexual assault and/or boundary violations of a female customer in 2013 and in 2017, but Defendant Mandara Spa effectuated no changes in the hiring, supervision, or training of massage therapists to prevent future sexual assaults at its spa. Defendant Mandara Spa's failure to take remedial measures to put in policies to protect female guests after knowledge of J.C's alleged sexual assaults was willful or wanton conduct constituting an intentional disregard of and indifference to the rights and safety of others.

196. One or more of Defendant Mandara Spa's corporate officers, directors, and or managers had actual knowledge that Defendant Robinson allegedly engaged in a sexual assault of Ms. Carr on April 21, 2018, but Defendant Mandara Spa effectuated no changes in the hiring, supervision, or training of massage therapists to prevent future sexual assaults at its spa.

197. Defendant Mandara Spa's failure to take remedial measures to protect female guests after knowledge of J.C's alleged sexual assault and knowledge of Meredith Carr's alleged sexual assault was willful or wanton conduct constituting an intentional disregard of and indifference to the rights and safety of others.

198.    Defendant Mandara Spa's acts as described above resulting in injuries to Ms. Drolett were willful and conducted with a wanton disregard for the rights and safety of others.

199.    Upon information and belief, one or more of Defendant Mandara Spa's corporate officers, directors and/or managers had knowledge of the material facts and circumstances and participated in the willful, wanton, and reckless acts described above.

200.    As a direct and proximate cause of the willful, wanton, reckless, and wrongful acts of Defendant Mandara Spa's managers, directors, employees and/or agents Ms. Drolett was sexually assaulted, suffered damages including pain and suffering, emotional distress, and permanent injury.

201.    Plaintiff Katherine Drolett is entitled to recover from Defendant Mandara Spa punitive damages.

## TENTH CLAIM FOR RELIEF
### (Premises Liability – Defendant Mandara Spa)

202.  Plaintiff incorporates all preceding paragraphs by reference.

203.    At all times mentioned in the Amended Complaint, Defendant Mandara Spa owned, occupied, controlled, leased or serviced the premises of Mandara Spa.

204.    Defendant Mandara Spa owed a duty to Ms. Drolett to own, occupy, manage, operate, control, lease, or service the premises of Mandara Spa in a safe and prudent manner.

205.    Defendant Mandara Spa owed a duty to keep the premises in a reasonably safe condition for lawful visitors.

206. Defendant Mandara Spa owed a duty to warn invited guests such as Ms. Drolett of hidden dangers of which it was aware.

207. Defendant Mandara Spa was aware that J.C. had been alleged to have committed a sexual assault in January of 2017.

208. Defendant Mandara Spa took no measures to protect its female patrons following the allegations against J.C, including no policy changes related to the training, supervision, or hiring of massage therapists, and no changes to the preventative measures to deter sexual assaults from occurring on its premises, and no changes made to warn patrons of the risks associated with receiving a massage at the Mandara Spa.

209. Defendant Mandara Spa had actual knowledge that Defendant Robinson had been accused of sexually assaulting Ms. Carr in April of 2018, but took no measures to protect Ms. Drolett and other female customers from this unsafe condition. Defendant Defendant Mandara Spa created an unsafe and dangerous condition and took no measures to protect Ms. Drolett or other female customers from further sexual assaults on the premises in that:

   a.    Defendant Mandara Spa permitted Defendant Robinson to return to work and conduct massages on female clients, unsupervised following allegations of sexual assault.

   b.    Defendant Mandara Spa failed to institute any changes related to the training, supervision, or hiring of massage therapists following Ms. Carr's allegation.

   c.    Defendant Mandara Spa failed to make any changes to put in place additional preventative measures to deter sexual assaults on its premises.

> d. Defendant Mandara Spa failed to warn invited guests such as Ms. Drolett about the dangers and risks associated with receiving a massage at Mandara Spa.
>
> e. Defendant Mandara Spa failed to warn guests about the danger of receiving a massage from Defendant Robinson specifically.

210. Defendant Mandara Spa breached its duty to provide reasonable care in that it invited female guests to receive massages at the Mandara Spa and permitted female guests to receive massages at the Mandara Spa without warning female guests of the known dangers of sexual assault on its premises. Defendant Mandara Spa knew, or with exercise of reasonable care should have known that allowing female patrons, including Ms. Drolett, to receive a massage from Defendant Robinson created an unsafe condition for customers. Defendant Mandara Spa failed to provide adequate personnel to supervise the Mandara Spa and maintain the premises in a safe condition.

211. It was foreseeable that Defendant Mandara Spa's failures described in the Amended Complaint would result in injury to Ms. Drolett.

212. As a result of Defendant Mandara Spa's negligence, Ms. Drolett has suffered damages of severe emotional distress, pain and suffering, and permanent injury in excess of $75,000.00

## TWELFTH CLAIM FOR RELIEF
### (Negligence – Defendant Mandara Spa)

213. Plaintiff incorporates all preceding paragraphs by reference.

214. Defendant Mandara Spa owed a duty of care to Ms. Drolett to keep her safe and protect her from unwanted sexual assaults on Mandara Spa premises.

215.  Defendant Mandara Spa owed a duty of care to its guests, and Ms. Drolett in particular, to reasonably supervise, train, and/or monitor its massage therapists who it knew or should have known had a propensity to commit sexual assault.

216.  Defendant Mandara Spa owed a duty to its guests to have policies in place to ensure that its customers remained safe and free from unsafe massage practices and/or sexual assault.

217.  Defendant Mandara Spa owed a duty to its guests, including Ms. Drolett, to provide a reasonably safe environment for them, to ensure their safety, and to provide reasonably necessary supervision and oversight for their safety and welfare while at the Mandara Spa.

218.  Defendant Mandara Spa also owed a duty to Ms. Drolett to control the acts of its agents, servants, and/or employees.

219.  Defendant Mandara Spa also owed a duty to its guests, including Ms. Drolett, to ensure that its massage therapists were knowledgeable about and in compliance with the policies and procedures in place at Mandara Spa.

220.  Defendant Mandara Spa failed to fulfill its legal duty and was negligent in that it:

    a.    Failed to investigate the backgrounds of massage therapists in the employ or service of Defendant Mandara Spa.

    b.    Failed to engage in sufficient background screening during the job interview process to thoroughly vet potential massage therapist candidates prior to hiring.

    c.    Failed to prohibit, restrict, or limit the activities of massage therapists suspected of sexual misconduct and/or those known to be sexual predators.

d.    Failed to reasonably and properly investigate allegations of sexual misconduct at Defendant Mandara Spa.

e.    Failed to properly train, instruct, and/or supervise investigators responding to and responsible for handling investigations into the allegations of sexual assault at Defendant Mandara Spa.

f.    Failed to properly train, instruct, and/or supervise massage therapists.

g.    Failed to have in place standards of acceptable and unacceptable conduct.

h.    Failed to have in place adequate policies and procedures for handling, reporting, and investigating allegations of sexual assault and misconduct.

i.    Failed to formulate, effectuate, and enforce policies to prevent and/or minimize the risk of sexual misconduct to female customers by agents, servants, and/or employees of Defendant Mandara Spa.

j.    Failed to designate competent investigators to evaluate complaints of sexual misconduct.

k.    Failed to have in place standards for reporting acts of sexual misconduct to public officials and/or state massage therapy boards.

l.    Failed to warn customers regarding the potential danger of sexual assault during massage therapy sessions.

m.    Failed to interview witnesses or persons who possessed, or may have possessed, information that might tend to establish the guilt of an accused massage therapist following an allegation of sexual assault.

n.    Failed to provide training to massage therapists on issues of boundary violations and training directed toward massage therapists in the event that the massage therapist becomes sexually aroused while performing a massage.

o.    Failed to contact past customers to determine whether massage therapists had engaged in inappropriate conduct, sexual assault, and/or boundary violations during the client's massage.

p.     Failed to effectuate policy changes regarding the hiring, training, supervision, education of its massage therapists to ensure the safety of its customers following previous allegations of sexual assault on its premises.

q.     Failed to effectuate policy changes regarding the investigation of alleged sexual assaults to ensure the safety of its customers following previous allegations of sexual assault on its premises.

r.     Failed to effectuate policy changes to warn customers of the dangers of sexual assault following previous allegations of sexual assault on its premises.

s.     Failed to take reasonable measures in the aftermath of sexual assault allegations to inform customers of the proper scope of massage therapy.

t.     Failed to take reasonable measures in the aftermath of sexual assault allegations to provide customers with devices capable of warning other staff members of an ongoing sexual assault.

u.     Failed to take reasonable measures to audit massage therapists' work.

v.     Failed to provide customers with education and adequate means to report incidents of sexual assault that occurred on its premises.

w.     Discouraged customers from contacting the police to report allegations of sexual assault and failed to inform customers of other mechanisms to report massage therapists.

x.     Failed to terminate Defendant Robinson following the allegations of sexual assault against Ms. Carr.

y.     Failed to require Defendant Robinson to undergo additional training following the allegations made by Ms. Carr.

z.     Failed to provide training to all massage therapists at the Mandara Spa with additional training following previous allegations of sexual assault at Defendant Mandara Spa.

aa.    Was negligent in other ways to be shown through discovery and trial.

221.  As a direct and proximate cause of the negligence of Defendant Mandara Spa, Ms. Drolett suffered serious personal injuries including emotional distress, pain and suffering, and permanent injury.

222.  As a direct and proximate cause of the negligence of Defendant Mandara Spa, Ms. Drolett is entitled to recover damages for severe emotional distress, pain and suffering, and permanent injury in excess of $75,000.

<u>**THIRTEENTH CLAIM FOR RELIEF**</u>
**(Negligence –  Defendant Steiner Corporate)**

223.  Plaintiff incorporates all preceding paragraphs by reference.

224.  At all times relevant to the allegations contained in Plaintiff's Amended Complaint, Defendant Steiner Corporate provided policies and procedures to Defendant Mandara Spa.

225.  At all times relevant to the allegations contained in Plaintiff's Amended Complaint, Defendant Steiner Corporate was responsible for the drafting and revising policies and procedures provided to Defendant Mandara Spa, including policies related to the hiring, training, and supervision of massage therapists.

226.  At all times relevant to the allegations contained in Plaintiff's Amended Complaint, Defendant Steiner Corporate was responsible for drafting polices related to massage therapist misconduct.

227.  At all times relevant to the allegations of contained in Plaintiff's Amended Complaint, Defendant Steiner Corporate drafted and revised policies provided to Defendant Mandara Spa related to guest issues.

228. At all times relevant to the allegations contained in Plaintiff's Amended Complaint, upon information and belief, Defendant Steiner Corporate provided training modules accessible to massage therapists at Defendant Mandara Spa.

229. At all times relevant to the allegations contained in Plaintiff's Amended Complaint, Defendant Steiner Corporate retained decision-making authority over the hiring, firing, and suspension of massage therapists at Defendant Mandara Spa.

230. At all times relevant to the allegations contained in Plaintiff's Amended Complaint, Defendant Steiner Corporate retained decision-making authority in allowing massage therapists, including Defendant Robinson, to return to work following allegations of sexual assault.

231. Defendant Steiner Corporate owed a duty to the guests of Defendant Mandara Spa to have policies and procedures in place to ensure that its customers remained safe and free from unsafe massage practices and sexual assault.

232. Defendant Steiner Corporate owed a duty of care to the guests of Mandara Spa, including Ms. Drolett, by virtue of its role in providing management services to Mandara Spa, to reasonably supervise, train, and monitor its massage therapists who they knew or should have known had a propensity to commit sexual assault.

233. Defendant Steiner Corporate owed a duty to the guests of Mandara Spa, including Ms. Drolett, to have policies in place to ensure that the customers of Mandara Spa remained safe and free from unsafe massage practices and sexual assault.

234. Defendant Steiner Corporate owed a duty to the guests of Mandara Spa, including Ms. Drolett, to prevent massage therapists accused of sexual assault from

returning to work prior to determining whether they posed a threat to guests, including Ms.

Drolett.

235.    Defendant Steiner Corporate was negligent in that it:

a.      Failed to prohibit, restrict, or limit the activities of massage therapists at Defendant Mandara Spa suspected of sexual misconduct and/or those known to be sexual predators, including Defendant Robinson.

b.      Failed to adequately manage Defendant Mandara Spa following allegations of sexual assault, including the allegation against Defendant Robinson.

c.      Failed to reasonably and properly investigate allegations of sexual misconduct at Defendant Mandara Spa after receiving notice of allegations of sexual assault.

d.      Failed to have in place standards of acceptable and unacceptable conduct at Defendant Mandara Spa.

e.      Failed to have in place adequate policies and procedures for handling, reporting, and investigating allegations of sexual assault and misconduct at Defendant Mandara Spa.

f.      Failed to formulate, effectuate, and enforce policies to prevent and/or minimize the risk of sexual misconduct to female customers by agents, servants, and/or employees of Defendant Mandara Spa.

g.      Failed to designate competent investigators to evaluate complaints of sexual misconduct.

h.      Failed to have in place policies and procedures for reporting acts of sexual misconduct to public officials and/or state massage therapy boards.

i.      Failed to provide policies to massage therapists on issues of boundary violation and policies directed toward massage therapists in the event that the massage therapist becomes sexually aroused while performing a massage.

j.      Failed to effectuate policy changes regarding the hiring, training, supervision, education of its massage therapists to ensure the safety of

its customers following previous allegations of sexual assault at Defendant Mandara Spa.

k.    Failed to effectuate policy changes regarding the investigation of alleged sexual assaults to ensure the safety customers at Defendant Mandara Spa following previous allegations of sexual assault on the premises of Defendant Mandara Spa.

l.    Failed to effectuate policy changes to warn customers of the dangers of sexual assault following previous allegations of sexual assault on the premises of Defendant Mandara Spa.

m.    Failed to take reasonable measures in the aftermath of sexual assault allegations to provide customers of Defendant Mandara Spa with devices capable of warning other staff members of an ongoing sexual assault.

n.    Failed to have policies in place to ensure that massage therapists accused of sexual assault were monitored and supervised following allegations of sexual assault.

o.    Failed to direct Defendant Mandara Spa to terminate Defendant Robinson following the allegations of Ms. Carr despite notice that Defendant Robinson had been alleged to have sexually assaulted Ms. Carr in April of 2018.

p.    Failed to investigate the allegations of sexual assault made by Meredith Carr before directing and/or permitting Defendant Mandara Spa to return Defendant Robinson to work on May 18, 2018.

236.   As a direct and proximate result of the negligence of Defendant Steiner Corporate, Ms. Drolett was seriously injured and suffered severe emotional distress, physical pain and suffering, and permanent injury.

237.   As a direct and proximate cause of the negligence of Defendant Steiner Corporate, Ms. Drolett is entitled to recover damages for severe emotional distress, pain and suffering, and permanent injury in excess of $75,000.

## FOURTENTH CLAIM FOR RELIEF
### (Punitive Damages—Defendant Steiner Corporate)

238. Plaintiff incorporates all preceding paragraphs by reference.

239. Defendant Steiner Corporate and its employees and agents knew of the dangers associated with allowing a sexual predator to perform bodywork on customers who were in a position of vulnerability.

240. Defendant Steiner Corporate unreasonably failed to conduct an investigation into the allegations against Defendant Robinson made by Ms. Carr, and unreasonably failed to ensure that Mr. Robinson was fit and safe to return to work on female clients.

241. Defendant Steiner Corporate was aware of an ongoing criminal investigation into the allegations made by Ms. Carr at the time Defendant Steiner Corporate directed Defendant Mandara Spa to allow Defendant Robinson to return to work.

242. Upon information and belief, Defendant Steiner Corporate ignored an ongoing criminal investigation into sexual assault allegations against Defendant Robinson, and directed Defendant Mandara Spa to allow Defendant Robinson to return to work and conduct unsupervised and unrestricted massage services for female clients.

243. Defendant Steiner Corporate, its managers, employees, and agents, were fully aware of the risk posed by allowing a dangerous, unfit masseuse under formal police investigation for sexual assault to return work, yet acted with deliberate indifference to the rights and safety of others, including Ms. Drolett, by permitting Defendant Mandara Spa to return Defendant Robinson to work following Ms. Carr's allegations.

244. Defendant Steiner Corporate was also aware that J.C. had been alleged to have committed a sexual assault in January of 2017; however, Defendant Steiner Corporate

took no measures to protect the female patrons of Mandara Spa following this allegation, including no policy changes related to the training, supervision, or hiring of massage therapists and no changes to the preventative measures to deter sexual assaults from occurring on its premises, and no changes made to warn patrons of risks associated with receiving a massage at Defendant Mandara Spa.

245. Defendant Steiner Corporate had actual knowledge that Defendant Robinson had been accused of sexually assaulting Ms. Carr in April of 2018 but took no measures to protect the female patrons of Mandara Spa, including Ms. Drolett, from further sexual assaults on Mandara Spa premises because Defendant Steiner Corporate permitted Defendant Robinson to return to work and conduct massages on female clients unsupervised. Defendant Steiner Corporate effectuated no changes in policies related to the hiring, supervision, or training of massage therapists to prevent future sexual assaults at Defendant Mandara Spa. Defendant Steiner Corporate also failed to make any changes to put in place additional preventative measures to deter sexual assaults at Defendant Mandara Spa, and failed to make changes to warn invited guests such as Ms. Drolett about the dangers and risks associated with receiving a massage at Defendant Mandara Spa, and the dangers and risks associated with receiving a massage from Defendant Robinson specifically.

246. As a direct and proximate cause of the willful, wanton, reckless, and wrongful acts of Defendant Steiner Corporate's managers, directors, employees and/or agents, as described above in the Amended Complaint, Ms. Drolett was sexually assaulted and has endured pain and suffering and permanent injury.

247.    Defendant Steiner Corporate's acts as described above resulting injuries to Ms. Drolett were malicious, willful, and conducted with a wanton disregard for the rights and safety of others as defined in N.C. Gen. Stat. § 1D-5 and §1D-15.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays the court as follows:

248.    That Katherine Drolett have and recover of the defendants, jointly and severally, compensatory damages in excess of $75,000.00.

249.    That Katherine Drolett have and recover of the Defendants punitive damages in an amount to be determined by a jury.

250.    That the Plaintiff be granted a trial by jury on all issues so triable.

251.    That the cost of this action be taxed against the defendants, including prejudgment interest as of the date of the filing of this complaint.

252.    For such other and further relief as the court deems just and proper.


Respectfully submitted this 6th day of August, 2021.


**EDWARDS KIRBY, LLP**


/s/ Winston S. Kirby
Winston S. Kirby
NC State Bar No. 49316
3201 Glenwood Ave., Suite 100
Raleigh, NC  27612
(919) 780-5400
wkirby@edwardskirby.com

/s/ Andrew C. Avram
Andrew C. Avram
NC State Bar No. 51106
3201 Glenwood Ave., Suite 100
Raleigh, NC  27612
(919) 780-5400
aavram@edwardskirby.com

**_Attorneys for Plaintiff_**

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2021, I electronically filed on behalf of the Plaintiff the foregoing **AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following persons:

Sara R. Lincoln, Esq.
Heather C. Fuller, Esq.
Lincoln Derr PLLC
4350 Congress Street, Suite 575
Charlotte, NC 28209
Email: Sara.lincoln@lincolnderr.com
Email: Heather.fuller@lincolnderr.com

*Attorneys for Defendant OneSpa World Resort Spas*


Elizabeth E. McConnell, Esq
Hall Booth Smith P.C.
72 Patton Ave.
Asheville, NC 28801
Email: emcconnell@hallboothsmith.com
Jeffrey Steven Warren
Hall Booth Smith, P.C.
11215 North Community Road, Suite 750
Charlotte, NC 28277
Email: JWarren@hallboothsmith.com
*Attorneys for Defendant Anthony Brian Robinson*


This the 16th day of August, 2021.

/s/ Andrew C. Avram
Andrew C. Avram
NC State Bar No. 51106
aavram@edwardskirby.com
**EDWARDS KIRBY, LLP**
3201 Glenwood Avenue, Suite 100
Raleigh, North Carolina 27612
Telephone:   (919) 780-5400
Facsimile:   (919) 800-3099