IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 213 MR WCM

| | |
|---|---|
| KATHERINE DROLETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| ANTHONY BRIAN ROBINSON, | ) |
| ONESPA WORLD RESORT SPAS (NORTH | ) |
| CAROLINA), INC. *doing business as* | ) |
| Mandara Spa, STEINER MANAGEMENT | ) |
| SERVICES, LLC | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This matter is before the Court on a Motion to Compel Plaintiff's Rule 35 Examination and Incorporated Memorandum of Law (the "Motion for IME," Doc. 72) filed by Defendants OneSpaWorld Resort Spas (North Carolina), Inc. doing business as Mandara Spa ("OneSpaWorld") and Steiner Management Services, LLC ("Steiner") (collectively, the "Spa Defendants").

I. Background

On August 5, 2020, Plaintiff filed her original Complaint against Anthony Brian Robinson ("Robinson") and OneSpaWorld. Doc. 1.

On July 9, 2021, Plaintiff requested leave to amend her Complaint to add allegations and claims against the existing defendants and to join Steiner as a new defendant. Doc. 46.

1

On July 23, 2021, Plaintiff, Robinson, and OneSpaWorld made a joint motion to extend the deadlines for Robinson's expert disclosures, discovery, mediation, and dispositive motions. Doc. 48.

On August 11, 2021, the undersigned granted Plaintiff leave to file her Amended Complaint and to join Steiner as an additional defendant. Doc. 53. The Court also extended the pretrial deadlines and continued the trial to the May 9, 2022 trial term. Id.

Plaintiff filed the Amended Complaint on August 16, 2021, and Steiner was served on August 19, 2021. Docs. 55 & 59.

On September 2, 2021, counsel who had previously appeared for OneSpaWorld also appeared for Steiner and filed a joint answer to the Amended Complaint on behalf of the Spa Defendants. Doc. 61.

On September 15, 2021, all parties – Plaintiff, Robinson, OneSpaWorld, and Steiner – moved for an extension of the pretrial deadlines. Specifically, the parties requested that the period of court-enforceable discovery be extended to December 15, 2021, that the mediation deadline be extended to January 5, 2022, and that the motions deadline be extended to January 19, 2022. They did not request an extension of any expert deadlines. Doc 62.

On September 27, 2021, the Court granted the parties' request and extended the specific deadlines as stated in the motion. The undersigned noted that all other provisions of the Pretrial Order, as amended, including the May

2

9, 2022 trial setting, would remain in effect. The parties were also advised that additional extensions of the pretrial deadlines would not be allowed absent extraordinary circumstances and that they should plan to complete the briefing of any dispositive motions within the times set by the Local Rules and without extensions. See Doc. 63.

On October 12, 2021, previous counsel for the Spa Defendants was removed through a notice of substitution in favor of these parties' current local counsel, who shortly thereafter obtained the admission *pro hac vice* of the Spa Defendants' lead counsel. Docs. 66, 68.

On December 1, 2021, the Spa Defendants filed the Motion for IME. Doc. 72. Plaintiff filed a response in opposition and the Spa Defendants replied. Docs. 77 & 83.

A hearing on the Motion for IME was conducted on December 21, 2021.

## II. Discussion

The Spa Defendants seek an Order compelling Plaintiff to participate in an examination with a neuropsychologist pursuant to Rule 35 of the Federal Rules of Civil Procedure. Doc. 72 at 2.

"Unlike other tools of discovery, physical and mental examinations require more than a showing of mere relevance." E.E.O.C. v. Maha Prabhu, Inc., No. 3:07–cv–111–RJC, 2008 WL 2559417, at *2 (W.D.N.C. June 23, 2008) (citing Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964); Guilford Nat'l Bank

3

Case 1:20-cv-00213-MR-WCM   Document 87   Filed 12/23/21   Page 3 of 7

of Greensboro v. S. Ry. Co., 297 F.2d 921, 923–24 (4th Cir. 1962)). In particular, Rule 35 requires (1) an affirmative showing by the movant of "good cause" for ordering an independent medical examination, and (2) a showing that the party's mental or physical condition is truly "in controversy." Fed.R.Civ.P. 35.

Courts have allowed Rule 35 examinations where a defendant wishes to obtain information for its expert regarding a plaintiff's mental condition. See M.M. v. Burke Cnty. Pub. Sch. Bd. of Educ., No. 1:13cv204, 2014 WL 2812536, at *2 (W.D.N.C. June 23, 2014) (ordering a Rule 35 mental examination where good cause existed because plaintiff intended to offer expert testimony as to her mental condition and defendant wished "to obtain an expert to ... provide a counter-expert opinion in response ...."); Simon v. Bellsouth Advertising & Publishing Corp., No. 3:09–CV–177–RJC–DCK, 2010 WL 1418322 (W.D.N.C. April 1, 2010) (plaintiff's mental condition was "in controversy" where complaint asserted a specific cause of action for intentional infliction of emotional distress and plaintiff indicated that one or more expert witnesses would be called to testify regarding plaintiff's mental state, and there was "good cause" to order a mental examination pursuant to Rule 35 because plaintiff "clearly signaled the intention to call expert witnesses to testify to his mental state").

Here, the Spa Defendants assert that Plaintiff has "placed her mental condition in controversy by alleging severe emotional distress in the Amended

Complaint, claiming post-traumatic stress syndrome, and having her own expert examine her and provide a report." Doc. 72 at 4.

During the December 21, 2021 hearing, counsel for Plaintiff agreed that Plaintiff's mental condition is "in controversy," and acknowledged that her expert, Dr. Ann Burgess, has provided a report regarding Plaintiff's mental condition. Doc. 77 at 2. However, Plaintiff argued that there is not "good cause" to order an IME at this stage of these proceedings. Specifically, Plaintiff pointed out that the Motion for IME was filed two weeks prior to the deadline for court-enforceable discovery and that, although she served Dr. Burgess' initial report on May 5, 2021, no defendants previously requested a Rule 35 examination. Doc. 77 at 2. Plaintiff further stated that Defendants have not deposed any of Plaintiff's medical providers, and never designated a mental health expert themselves. Id; see also id. at 5.

"Good cause" to require an independent medical examination "does not exist where the desired information could have been obtained through less invasive tools of discovery" and "arises where the average person's understanding ends and other means of obtaining information are exhausted." Maha Prabhu, 2008 WL 2559417, at *2.

Plaintiff's allegation that she suffered severe emotional distress has been present in this case since the filing of her original Complaint. The information before the Court indicates that Plaintiff's expert, Dr. Burgess, submitted an

5

initial report in early May 2021. The defendants who were present in the case then – Robinson and OneSpaWorld – apparently did not designate a rebuttal expert at that time. Likewise, none of Plaintiff's medical providers have been deposed.

In addition, while the information provided during the hearing indicated that Plaintiff's medical records were produced and later supplemented, there is no information to suggest that new or different information has been produced recently.

Rather, at its core, the Motion for IME appears to represent a change in the Spa Defendants' litigation strategy. While OneSpaWorld and Steiner were represented by their previous counsel, they chose not to take the depositions of Plaintiff's healthcare providers or designate an expert on the issue of Plaintiff's mental condition. These Defendants now wish, however, to have Plaintiff examined and to present the testimony of that examiner.

In that regard, during the December 21 hearing, counsel for the Spa Defendants acknowledged that the Spa Defendants had not deposed any of Plaintiff's medical providers, could have requested an examination of Plaintiff earlier, and could have designated an expert to provide an opinion regarding Plaintiff's mental condition based on other information in the record even without an independent medical examination.

These candid admissions of counsel are noted and appreciated.

Nonetheless, and respectfully, it is not apparent that the information the Spa Defendants now seek through a compelled independent medical examination could not have been obtained earlier and through other, less invasive means.

Further, allowing an independent medical examination at this stage of the case would likely create additional issues. Counsel for the Spa Defendants, during the December 21 hearing, stated that he believed Plaintiff's examination, the preparation of a report, and the deposition of the examiner could be completed within thirty days. However, Plaintiff's counsel indicated that he may wish to designate a rebuttal expert, which opens the possibility of an additional report and deposition. The parties remain free, and are encouraged, to participate in voluntary discovery prior to trial to the extent allowed by the Pretrial Order. The undersigned declines, though, to extend the period of court-enforceable discovery for these purposes.

**IT IS THEREFORE ORDERED** that the Motion to Compel Plaintiff's Rule 35 Examination and Incorporated Memorandum of Law (Doc. 72) is **DENIED**.

Signed: December 23, 2021

W. Carleton Metcalf
United States Magistrate Judge